**THIRD DIVISION**
**ANDREWS, P. J.,**
**DILLARD and MCMILLIAN, JJ.**

**NOTICE: Motions for reconsideration must be**
**_physically received_ in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**June 28, 2013**

# In the Court of Appeals of Georgia

A13A0606. GEORGIA DEPARTMENT OF TRANSPORTATION
    v. GRIGGS.

ANDREWS, Presiding Judge.

The Georgia Department of Transportation (GDOT) appeals from the trial court's order denying its motion to dismiss Kymberly Griggs's complaint. Griggs sued GDOT after she fell through a piece of plywood covering a manhole or storm drain on the shoulder of I-285. GDOT moved to dismiss, contending that Griggs's ante litem notice failed to adequately identify the location of the accident. The trial court denied the motion and we affirm.

The record shows that Griggs stopped her car in the emergency lane of I-285 between Riverside Drive and Roswell Road to help a friend who had been in an automobile accident. As Griggs walked from her friend's car back to her car, she went

to the passenger's side door because it was away from the traffic lanes. As she opened the door, she stepped back onto a plywood board that was covering a manhole. The plywood gave way and Griggs fell into the manhole, fracturing her elbow and knee, receiving cuts and bruises, and hurting her lower back. Apparently, the grate that was supposed to cover the manhole had been removed by thieves who had then placed a thin plywood board over the hole. There were no warning cones around the hole and trash from the roadway partially obscured the plywood cover.

Griggs called GDOT on the day of her fall and described the area in which she fell. She stated that it was on I-285 eastbound approximately three-quarters of a mile past Riverside Drive. Charlie Welmaker, GDOT's safety officer for the district, took the phone call and then instructed the GDOT foreman for the area to inspect all manholes and storm drains in the area described. Welmaker stated that several weeks earlier, a number of storm drain grates had been stolen from that general area. The thieves's modus operandi was often to place a piece of plywood over the drain in order to delay detection. Welmaker stated that all of the vandalized storm drains were fitted with temporary covers and marked with orange cones, and his inspection showed that all of these temporary covers and cones were in place. An expanded

2

inspection revealed that storm drains on the other side of Roswell Road, approximately two miles east of the location described by Griggs were without grates.

Griggs's fall occurred on March, 13, 2009, and she served her ante litem notice on the State on March 9, 2010. The ante litem notice described the location of the accident as follows: "This manhole was located on the emergency lane of Interstate 285 northbound between Riverside Drive and Roswell Road in Atlanta, Fulton County, Georgia." After receiving the ante litem notice, GDOT made an offer of final settlement of the claim to Griggs. The offer was not accepted.

On April 11, 2011, GDOT filed a motion to dismiss, claiming that the action was one for professional negligence and there was no affidavit attached. In response, Griggs pointed out that she had made no claims of professional negligence and that this was an action for ordinary negligence. The trial court agreed.

On May 8, 2012, GDOT filed another motion to dismiss, claiming that it could not find the open manhole (or storm drain) in the area identified by Griggs. Therefore, it argued, the complaint should be dismissed for lack of subject matter jurisdiction because Griggs failed to comply with the ante litem notice requirements of OCGA § 50-21-26. Under that Code section, anyone wishing to file a tort claim against the State under the Georgia Tort Claims Act must first give notice to the State as follows:

A notice of claim under this Code section shall state, to the extent of the claimant's knowledge and belief and as may be practicable under the circumstances, the following: (A) The name of the state government entity, the acts or omissions of which are asserted as the basis of the claim; (B) The time of the transaction or occurrence out of which the loss arose; (C) The place of the transaction or occurrence; (D) The nature of the loss suffered; (E) The amount of the loss claimed; and (F) The acts or omissions which caused the loss.

OCGA § 50-21-26 (a) (5).

In determining whether plaintiffs have complied with this requirement, the Supreme Court has stated:

It is well established that strict compliance with the notice provisions is a prerequisite to filing suit under the GTCA, and substantial compliance therewith is insufficient. *Williams,* supra, 272 Ga. at 624 [532 SE2d 401]. This is because the GTCA represents a limited waiver of the State's sovereign immunity, crafted, as is constitutionally authorized, by our Legislature, and not subject to modification or abrogation by our courts. *Sylvester v. Dept. of Transp.,* 252 Ga. App. 31 (555 SE2d 740) (2001). Thus, it has been held that a notice that failed to include any specific dollar amount or range of losses claimed but rather asserted only "economic and non-economic losses" was deficient, *Perdue v. Athens Technical College,* 283 Ga. App. 404, 406, 408 (641 SE2d 631) (2007); that dismissal was required where the notice was delivered to the DOAS Commissioner rather than to the Risk Management Department,

4

*Welch v. Georgia Dept. of Transp.,* 276 Ga. App. 664 (624 SE2d 177) (2005); and that an untimely notice was deficient even though it was undisputed that the State had actual notice of the claim through a timely notice submitted by a second claimant. *Williams v. Georgia Dept. of Transp.,* 275 Ga. App. 88 (1) (619 SE2d 763) (2005). Likewise, this Court has held that the omission in a notice of a possible claim for wrongful death required the dismissal of that portion of the claimant's complaint seeking damages for wrongful death. *Williams,* supra, 272 Ga. at 626 [532 SE2d 401].

*Cummings v. Ga. Dept. of Juvenile Justice*, 282 Ga. 822, 824 (653 SE2d 729) (2007).

But in requiring that notice be "to the extent of the claimant's knowledge and belief and as may be practicable under the circumstances, the Act's ante litem notice provisions clearly contemplate the possibility that a claimant may have imperfect information regarding various facets of [her] claim at the time [the] notice is submitted." *Board of Regents &c. v. Canas*, 295 Ga. App. 505, 509 (672 SE2d 471) (2009). In *Canas*, the Board of Regents claimed that the ante litem notice failed to state with any specificity the time or place of the occurrence or the acts or omissions that occasioned the loss. Id. at 509. Canas's notice referenced the continuous period of his treatment at the Board's hospitals and clinics and referenced the failure of Board employees to take steps that would have led to an earlier detection of his HIV

5

infection/AIDS. In upholding the trial court's denial of the motion to dismiss, we noted that the language in the ante litem notice clearly contemplates a situation where the claimant may have "imperfect information" at the time the notice is submitted. Id.

In this case, the evidence is that Griggs identified the portion of I-285 on which the accident occurred to the extent that she knew it. GDOT has not shown otherwise. In its response to discovery, GDOT acknowledges that the area in question is a 1.6-mile stretch of I-285 between its intersections with Riverside Drive and Roswell Road. GDOT acknowledges that it can identify the locations of the storm drains and manholes along that part of the interstate. Further, "[t]he purpose of [the ante litem notice] requirements is to ensure that the state receives adequate notice of the claim to facilitate settlement before the filing of a lawsuit." *Williams v. Ga. Dept. of Human Resources,* 272 Ga. 624, 625 (532 SE2d 401) (2000). Here, the ante litem notice was filed, the State investigated the claim, and then made Griggs an offer of settlement. In *Cummings*, supra, the Court noted that "it was reasonable for Cummings to believe that her notice was sufficient in all respects where the State initiated and proceeded with settlement negotiations over a period of months without once indicating that Cummings had failed to identify the correct agency. Id. at 826.

GDOT cites as authority for its argument *Simmons v. Mayor and Alderman of the City of Savannah*, 303 Ga App 452 (693 SE2d 517) (2010); but that case does not interpret the Georgia Tort Claims Act or OCGA § 50-21-26 (a) (5). *Simmons* interprets OCGA § 36-33-5 (b) which sets out the notice requirements for claims against municipalities, a differently worded Code section. In light of this, and for all of the reasons discussed above, we conclude that the trial court did not err in denying GDOT's motion to dismiss.

*Judgment affirmed. Dillard and McMillian, JJ., concur.*