**WHOLE COURT**

**NOTICE:** Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**November 13, 2013**

# In the Court of Appeals of Georgia

A13A1597.  MYERS  v.  BOARD  OF  REGENTS  OF  THE  DO-082
            UNIVERSITY SYSTEM OF GEORGIA.

DOYLE, Presiding Judge.

Kimberly A. Myers appeals the dismissal of her tort claim against the Board of Regents of the University System of Georgia ("the Board"), contending that the trial court erred by ruling that her ante litem notice failed to meet the requirement in OCGA § 50-21-26 (a) (5) (E) that she state the amount of her loss claimed. Because her notice stated the amount of loss she claimed to the best of her knowledge as was practicable under the circumstances, we reverse.

"We review de novo a trial court's ruling on a motion to dismiss based on sovereign immunity grounds, which is a matter of law. Factual findings are sustained

if there is evidence supporting them, and the burden of proof is on the party seeking the waiver of immunity."[1]

The record shows that on June 28, 2010, Myers arrived for class at the Dalton State College campus when she allegedly stepped on the edge of an unrepaired pothole in a parking lot and became injured. Myers received emergency medical treatment that day, made follow-up orthopedic doctor visits, and started physical therapy running from approximately September through December 2010. On October 11, 2010, roughly three-and-one-half months after her injury, Myers sent a "Notice of Claim" letter via certified mail pursuant to OCGA § 50-21-26 ("ante litem notice") to the Georgia Department of Administrative Services ("DOAS"). The ante litem notice stated that Myers asserted a negligence claim against the Board based on the allegedly unsafe condition of the parking lot, and the notice explained that she "stepped into a hole in the parking lot injuring her left ankle including a fracture and torn tendons." The letter further stated that "[t]he amount of Ms. Myers [sic] loss is yet to be determined as she is still incurring medical bills and does not yet know the full extent of her injury."

---

[1] (Punctuation omitted.) *Bd. of Regents of the Univ. System of Ga. v. Canas*, 295 Ga. App. 505, 509 (3) (672 SE2d 471) (2009).

On December 30, 2010, the DOAS sent a letter to Myers's attorney acknowledging "your correspondence" and requesting copies of Myers's "medical bills, reports, and verification of any wage loss." Myers did not respond, and on August 2, 2011, DOAS sent a follow-up letter requesting the same documentation and a demand for settlement within 30 days. On April 23, 2012, Myers's counsel sent a demand package listing Myers's alleged damages and seeking a $110,000 payment to settle her claims.[2] On May 7, 2012, DOAS responded with a settlement offer of $10,128.24, which amount reflected Myers's total medical expenses. Myers filed suit the next month, and DOAS answered and later moved to dismiss on jurisdictional grounds, which motion was granted, giving rise to this appeal.

The Georgia Tort Claims Act ("GTCA")

declares it to be the public policy of this [S]tate that the [S]tate shall only be liable in tort actions within the limitations of the GTCA and in accordance with the fair and uniform principles established in the GTCA. One such limitation is contained in OCGA § 50-21-26 (a), which prescribes that a tort claim may not be brought against the [S]tate without first giving notice of the claim. OCGA § 50-21-26 (a) specifies

---

[2] On appeal, Myers has abandoned any argument that the April 23, 2012 demand letter perfected her ante litem notice.

3

a detailed procedure for notifying the [S]tate of a claim before filing a lawsuit against it.[3]

"The stated intent of the Act is to balance strict application of the doctrine of sovereign immunity, which may produce 'inherently unfair and inequitable results,' against the need for limited 'exposure of the state treasury to tort liability.'"[4]

Under subsection (a) (1), "[n]otice of a claim shall be given in writing within 12 months of the date the loss was discovered or should have been discovered." Subsection (a) (5), on which this case turns, requires as follows:

A notice of claim under this Code section shall state, *to the extent of the claimant's knowledge and belief and as may be practicable under the circumstances*, the following:

(A) The name of the state government entity, the acts or omissions of which are asserted as the basis of the claim;

(B) The time of the transaction or occurrence out of which the loss arose;

(C) The place of the transaction or occurrence;

---

[3] (Footnotes and punctuation omitted.) *Perdue v. Athens Technical College*, 283 Ga. App. 404 (641 SE2d 631) (2007).

[4] *Norris v. Dept. of Transp.*, 268 Ga. 192 (486 SE2d 826) (1997).

4

(D) The nature of the loss suffered;

(E) *The amount of the loss claimed*; and

(F) The acts or omissions which caused the loss.[5]

The Supreme Court has held that

strict compliance with the notice provisions is a prerequisite to filing suit under the GTCA, and substantial compliance therewith is insufficient. This is because the GTCA represents a limited waiver of the State's sovereign immunity, crafted, as is constitutionally authorized, by our Legislature, and not subject to modification or abrogation by our courts.[6]

The Supreme Court has clarified, however, "that the rule of strict compliance does not demand a hyper-technical construction that would not measurably advance the purpose of the GTCA's notice provisions. In other words, [the Court has] declined to reach a needlessly harsh result when that result was not mandated by the GTCA."[7]

---

[5] (Emphasis supplied.) OCGA § 50-21-26 (a) (5).

[6] *Cummings v. Ga. Dept. of Juvenile Justice*, 282 Ga. 822, 824 (653 SE2d 729) (2007), citing *Perdue*, 283 Ga. App. at 406, 408.

[7] (Punctuation omitted.) Id. at 824-825, citing *Georgia Ports Auth. v. Harris*, 274 Ga. 146, 151 (2) (549 SE2d 95) (2001) (delivery of notice by Federal Express rather than personally by claimant sufficient to fulfill "personal delivery" requirement

"[T]he purpose of the ante litem notice requirements is to ensure that the [S]tate receives adequate notice of the claim to facilitate settlement before the filing of a lawsuit."[8]

With these principles in mind, we turn to the facts of this case. The essential question is whether the following language in Myers's ante litem notice was a sufficient statement of the amount of loss claimed: "The amount of Ms. Myers [sic] loss is yet to be determined as she is still incurring medical bills and does not yet know the full extent of her injury." Myers argues that this statement met her burden because the statute, by its own terms, only requires the notice to state the amount of loss claimed "to the extent of the claimant's knowledge and belief and as may be practicable under the circumstances."[9] Therefore, because she was still receiving medical treatment and would claim difficult-to-estimate amounts such as past and future lost wages, pain and suffering, and mental anguish, Myers argues it was simply

---

under OCGA § 50-21-26 (a) (2), and fact that claimant did not obtain receipt at time of delivery not fatal because claimant ultimately obtained receipt "in a manner not disallowed by the [statute]"); *Norris v. Georgia Dept. of Transp.*, 268 Ga. 192, 193 (486 SE2d 826) (1997) (notice adequate because it was mailed prior to the statutory deadline, despite the fact that DOAS did not receive it until after the deadline).

[8] (Citations and punctuation omitted.) *Cummings*, 282 Ga. at 824.

[9] OCGA § 50-21-26 (a) (5).

not possible to know the extent of her loss within the time required for ante litem notice.[10]

As noted above, the GTCA, by its own terms, only requires a statement of loss "to the extent of the claimant's knowledge and belief and as may be practicable under the circumstances." Thus, "the GTCA's ante litem notice provisions clearly contemplate the possibility that a claimant may have imperfect information regarding various facets of her claim at the time her notice is submitted."[11] Here, at the time Myers submitted her ante litem notice, approximately three and one-half months had elapsed since her injury, and she was still receiving medical treatment and the full extent of her loss was not reasonably quantifiable at that time. She had incurred less than half of her medical bills, and she had not at that time made a full recovery or determined the impact to her wage earning capacity.

---

[10] Myers's April 23, 2012 settlement demand included the following damages: $10,128.24 for medical expenses, $20,000 for past pain and suffering, $10,000 for mental anguish, $20,000 for future pain and suffering, and $50,480 for lost earning capacity.

[11] *Cummings*, 282 Ga. at 825.

The GTCA does not require a partial statement or a "snapshot" of the loss;[12] instead it requires a statement of "the amount of *the loss claimed*."[13] As defined in the GTCA, "claim" means "any demand against the State," and "loss" means "personal injury; disease; death; damage to personal property, including lost wages and economic loss . . . ; pain and suffering; mental anguish; and any other element of actual damages recoverable. . . ."[14] Thus, the notice requirement contemplates a statement of the total loss to be asserted against the State, but the statutory language should not be construed to create a hyper-technical barrier to recovery especially when it would not measurably advance the purpose of the GTCA. In the present case, the State was properly notified of the alleged nature, location, and cause of Myers's injuries, and the purpose of the Act, "to ensure that the [S]tate receives adequate notice of the claim to facilitate settlement before the filing of a lawsuit,"[15] was not frustrated by Myers's ante litem notice explaining her lack of knowledge of her full

---

[12]We agree with the dissent that the better course of action is for a plaintiff to provide whatever information about her loss is available to her at the time she serves ante litem notice, but disagree that the statute currently requires a plaintiff to do so.

[13] (Emphasis supplied.) OCGA § 50-21-26 (a) (5) (E).

[14] OCGA § 50-21-22 (1) & (3).

[15] *Perdue*, 283 Ga. App. at 408.

8

loss.[16] Accordingly, based on the facts of this case, we conclude that the trial court erred by dismissing Myers's complaint for failure to comply with the GTCA's ante litem notice provisions.

*Judgment reversed. Phipps, C. J., Barnes, P. J. and Ellington, P. J., concur. McFadden, J., concurs fully and specially. Boggs and Branch, JJ., dissent.*

---

[16] We note that the facts of this case differ from those in *Perdue*, because the plaintiff had made a full recovery and had already made a specific monetary demand for settlement quantifying her full loss before she sent her ante litem notice. See id. at 405-406. Thus, Perdue's failure to include the specific dollar amount or range of loss was fatal to her claim because at the time she sent her ante litem notice she had full knowledge of her loss, and it was practical to provide the amount of loss in the ante litem notice. See id. at 408.

A13A1597. MYERS v. BOARD OF REGENTS OF THE UNIVERSITY SYSTEM OF GEORGIA.

MCFADDEN, Judge, concurring fully and specially.

I concur fully in the majority opinion. Myers's ante litem notice reports that she "stepped into a hole . . . injuring her left ankle including a fracture and torn tendon." That information "assisted the State in understanding the magnitude of the loss it faced and in developing its strategy for avoiding litigation and settling the case," as the dissent describes the purpose of an ante litem notice. That assistance would not have been materially enhanced by a snapshot of Myers's medical bills as of the date of the notice or by a guess at the future total of those bills.

A13A1597.  MYERS  v.  BOARD  OF  REGENTS  OF  THE
UNIVERSITY SYSTEM OF GEORGIA.


BOGGS, Judge, dissenting.

Because I would affirm the trial court's decision to dismiss based upon the plaintiff's failure to comply with the ante-litem notice requirements of OCGA § 50-21-26 (a) (5), I respectfully dissent.

The ante-litem statute does not require a plaintiff to state her full losses or otherwise restrict her claim to only those losses stated in the ante litem notice. "[T]he GTCA's ante litem notice provisions clearly contemplate the possibility that a claimant may have imperfect information regarding various facets of her claim at the time her notice is submitted." *Cummings v. Ga. Dept. of Juvenile Justice*, 282 Ga.

822, 825 (653 SE2d 729) (2007). It strikes a balance between putting a plaintiff in the untenable position of stating precise dollar amounts for all future losses and giving the State some reasonable notice of the magnitude of the claim it faces. The notice must state the required information "to the extent of the claimant's knowledge and belief and as may be practicable under the circumstances." OCGA § 50-21-26 (a) (5). Thus, a plaintiff is not relieved from giving some notice to the State even if her knowledge is incomplete or she must rely on her belief.

Here, Myers' notice gave no statement of the amount of her loss despite the fact that she did have some concrete knowledge of her losses. For example, according to Myers' own demand letter and complaint exhibits, within six months of her injury, she had incurred more than $9,000 of her alleged total of $10,128.24 in medical expenses. Thus, Myers could have, at a minimum, stated the bulk of her medical expenses with the caveat that she was undergoing continuing treatment and would claim some stated range of economic and non-economic losses proportionate to her treatment and condition at that time. But she failed to state *any* amount of loss whatsoever. The plain language of the statute contemplates that a plaintiff's statement of loss may be imperfect, but this flexibility does not eliminate the requirement to make some effort to state the amount of loss to the extent of her knowledge and belief

2

at the time of the ante litem notice. See *Perdue v. Athens Tech. College*, 283 Ga. App. 404, 408 (641 SE2d 631) (2007) ("To facilitate settlement of a claim before a lawsuit is filed, subsection (a) (5) (E) requires the ante litem notice to state the amount of the loss 'claimed.'"). See also *Williams v. Georgia Dept. of Human Resources*, 272 Ga. 624, 625 (532 SE2d 401) (2000).

Myers' notice frustrated this purpose by failing to timely state any amount of loss. Even without a precise dollar amount, some range of stated loss would have assisted the State in understanding the magnitude of the loss it faced and in developing its strategy for avoiding litigation and settling the case. In light of the statutory purpose, we should hold that a plaintiff's knowledge need not be complete, but that the statute requires some statement to the extent of the plaintiff's knowledge and belief. OCGA § 50-21-26 (a) (5). And even with imperfect knowledge, a plaintiff must nevertheless *strictly* – not substantially – comply with the ante litem notice requirement, because it is a statutorily prescribed waiver of the State's sovereign immunity. See *Cummings*, supra, 282 Ga. at 824. There is no legal requirement that a plaintiff's ante litem notice be absolutely correct, but the statute is plain that the notice must be *complete* to the best of the plaintiff's knowledge and belief as may be

3

practicable under the circumstances.[1] See, e.g., id. at 825 (noting that a claimant must state the agency "asserted to be responsible" not the agency that "actually is" responsible).

Further, many plaintiffs will have (and have had) tort claims against the State seeking damages for mental anguish, future pain and suffering, and future lost wages. If we were to hold that Myers' uncertainty in this case relieved her of the statutory obligation to state her loss to the extent of her knowledge and belief, then any plaintiff could altogether avoid the requirement to notify the State of the amount of

---

[1] The authority relied upon by Myers is distinguishable, because in each of those cases the plaintiffs gave some information, even if it was approximate or mistaken. See *Cummings*, 282 Ga. at 825-826 (after making efforts to investigate, plaintiff mistakenly listed and notified the wrong state agency, but did list an agency and properly notified DOAS) *Board of Regents v. Canas*, 295 Ga. App. 505, 508-509 (3) (672 SE2d 471) (2009) (notice deemed sufficient where plaintiff listed continuous range of dates that he received allegedly wrongful medical treatment and would need to rely on discovery to determine precise dates of injury); *Savage v. E. R. Snell Contractor*, 295 Ga. App. 319, 325-326 (3) (b) (672 SE2d 1) (2008) (notice deemed sufficient even though plaintiffs could not recall exact dates of injury caused by flooding because the flooding was a continuing nuisance creating a new cause of action with each loss, and the plaintiffs listed "constant flooding . . . after every heavy and moderate rainfall . . . [including] fifteen or more occasions from July [2005]"). See also *Ga. Dept. of Transp. v. Griggs*, 322 Ga. App. 519 (745 SE2d 749) (2013) (notice deemed sufficient because plaintiff who was injured by an uncovered manhole identified the location of her injury to the best of her knowledge: "This manhole was located on the emergency lane of Interstate 285 northbound between Riverside Drive and Roswell Road in Atlanta, Fulton County, Georgia."). In this case, the plaintiff gave *no* information even though *some* information was available.

4

her loss by claiming future medical treatment, mental anguish, pain and suffering, or lost wages. Any settlement of such claims will always involve some estimation of future conditions, and we should read the statute to require *some* statement of the amount of loss even under those circumstances. Accordingly, because Myers' ante litem notice failed to include such a statement, this court should affirm the dismissal of her claim.

I am authorized to state that Judge Branch joins in this dissent.