**FOURTH DIVISION**
**DOYLE, P. J.,**
**MCFADDEN and BOGGS, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**March 18, 2014**

# In the Court of Appeals of Georgia

A13A1913. DRISCOLL et al. v. BOARD OF REGENTS OF THE    DO-097
UNIVERSITY SYSTEM OF GEORGIA.

DOYLE, Presiding Judge.

John Driscoll, individually and as administrator of the estate of Deborah Driscoll, appeals the dismissal of his tort claims against the Board of Regents of the University System of Georgia ("the Board"), contending that the trial court erred by ruling that his ante litem notice failed to state the amount of loss claimed as required by the Georgia Tort Claim Act ("GTCA") at OCGA § 50-21-26 (a) (5) (E). For the reasons that follow, we affirm.

"We review de novo a trial court's ruling on a motion to dismiss based on sovereign immunity grounds, which is a matter of law. Factual findings are sustained

if there is evidence supporting them, and the burden of proof is on the party seeking the waiver of immunity."[1]

The relevant record is undisputed and shows that on March 4, 2010, Deborah Driscoll was killed on Interstate 285 when a wheel from an oncoming Georgia State University van came off, crossed the median wall, and struck the windshield of Deborah's vehicle. Deborah was pronounced dead at the scene.

On February 8, 2011, counsel for Deborah's estate sent an ante litem notice via certified mail to the Risk Management Division of the Georgia Department of Administrative Services ("DOAS"). The notice stated that "[t]his letter shall provide notice to the State of Georgia of a claim for damages in accordance with OCGA § 50-21-26. Deborah Driscoll died after a car crash on March 4th, 2010." The letter listed the following details:

| | |
|---|---|
| Our Client: | Estate of Deborah Driscoll |
| Date of Incident: | 3/4/2010 |
| Location: | I-285 W.B. |

---

[1] (Punctuation omitted.) *Bd. of Regents of the Univ. System of Ga. v. Canas*, 295 Ga. App. 505, 509 (3) (672 SE2d 471) (2009).

Injury:                    Loss of Life

State Entity Involved:     Georgia State University

The letter requested an "amicable resolution" but gave no other details other than to briefly summarize the events of the van losing a wheel and striking Deborah's vehicle.

In July 2011, Driscoll's counsel sent a demand letter to DOAS seeking the limits of the insured's policy and listing dollar amounts for damages including human life value, funeral expenses, funeral related expenses, and death expenses. After a settlement did not occur, on February 29, 2012, Driscoll filed suit as an individual and on behalf of Deborah's estate, seeking damages for injuries arising from the car crash. In April 2012, the Board answered, asserting sovereign immunity, and moved to dismiss the complaint for failure to follow the ante litem notice requirements of OCGA § 50-21-26. Following a hearing, the trial court in a well-reasoned order, granted the Board's motion, giving rise to this appeal.

The GTCA provides the avenue by which a party injured by the State may avoid the State's traditional sovereign immunity and pursue a claim against the State.[2] "The stated intent of the [GTCA] is to balance strict application of the doctrine of sovereign immunity, which may produce 'inherently unfair and inequitable results,' against the need for limited 'exposure of the state treasury to tort liability.'"[3] Among the prerequisites to filing suit under the GTCA is that the party give written notice of a claim to the State "within 12 months of the date the loss was discovered or should have been discovered."[4] Under OCGA § 50-21-26 (a) (5) (E), the notice of claim "shall state, to the extent of the claimant's knowledge and belief and as may be practicable under the circumstances . . . *the amount of loss claimed*,"[5] as well as other information.

> [S]trict compliance with the notice provisions is a prerequisite to filing suit under the GTCA, and substantial compliance therewith is

---

[2] See OCGA § 50-21-26 (a) ("No person, firm, or corporation having a tort claim against the [S]tate under this article shall bring any action against the state upon such claim without first giving notice of the claim . . . .").

[3] (Footnotes and punctuation omitted.) *Perdue v. Athens Technical College*, 283 Ga. App. 404 (641 SE2d 631) (2007).

[4] OCGA § 50-21-26 (a) (a).

[5] (Emphasis supplied.)

4

insufficient. This is because the GTCA represents a limited waiver of the State's sovereign immunity, crafted, as is constitutionally authorized, by our Legislature, and not subject to modification or abrogation by our courts. The Supreme Court has clarified, however, "that the rule of strict compliance does not demand a hyper-technical construction that would not measurably advance the purpose of the GTCA's notice provisions." In other words, the Court has declined to reach a needlessly harsh result *when that result was not mandated by the GTCA.* The purpose of the ante litem notice requirements is to ensure that the State receives adequate notice of the claim to facilitate settlement before the filing of a lawsuit.[6]

Here, despite the GTCA's requirement to state the amount of loss claimed to the best of Driscoll's knowledge and belief, Driscoll's ante litem notice failed to state any amount of loss whatsoever. This was not a situation where, for example, the extent of the injuries was unknown,[7] or the notice was merely imprecise,[8] or the

---

[6] (Footnotes and punctuation omitted; emphasis supplied.) *Myers v. Bd. of Regents of the Univ. Sys. of Ga.*, __ Ga. App. __, __ (Case No. A13A1597, decided Nov. 13, 2013), quoting *Cummings v. Ga. Dept. of Juvenile Justice*, 282 Ga. 822, 824 (653 SE2d 729) (2007).

[7] Compare *Myers*, __ Ga. App. at __.

[8] See *Ga. Dept. of Transp. v. Griggs*, 322 Ga. App. 519, 522 (745 SE2d 749) (2013) (claimant identified the portion of I-285 on which the accident occurred to the extent that she knew it).

5

claimant made a good faith mistake.[9] Driscoll's ante litem letter made no mention of any amount of loss claimed even though his losses were completed, and there was nothing about the circumstances that prevented him from assigning values to his losses to the best of his knowledge and belief within the statutory deadline.[10] Accordingly, based on the facts of this case, we hold that Driscoll's ante litem notice failed to satisfy the notice requirement of OCGA § 50-21-26 (a) (5) (E).[11]

Anytime a life is lost, the inadequacy of the law's remedial power is thrown into sharp relief. But as exemplified by Driscoll's demand letter, sent 16 months after the accident and listing specific dollar amounts for human life value and certain death-related expenses, an amount of loss eventually must be determined if a party seeks monetary compensation. Even though the prejudice to the State was arguably minimal in the present case, the Legislature plainly listed the required elements of an ante litem notice, and this Court is not authorized to ignore an element that is wholly

---

[9] See *Cummings v. Ga. Dept. of Juvenile Justice*, 282 Ga. 822, 826 (653 SE2d 729) (2007) (claimant misidentified the responsible agency).

[10] Compare *Myers*, __ Ga. App. at __ (incomplete statement of loss was sufficient because the claimant notified the State that she was still incurring losses and did not yet know the full extent of her injury).

[11] See *Perdue v. Athens Technical College*, 283 Ga. App. 404, 408 (641 SE2d 631) (2007).

6

absent from an ante litem notice. The Legislature was certainly aware that certain losses in tort claims will always be difficult to value and are ultimately subject to an impartial jury's enlightened conscience,[12] but the statutory scheme nevertheless requires some statement of the amount of loss claimed "to the extent of the claimant's knowledge and belief and as may be practicable under the circumstances."[13] Driscoll correctly asserts that the result in this case is harsh, but it is a result mandated by the GTCA in the absence of *any statement* regarding the amount of loss. The courts of this State are not free to ignore this mandate; accordingly, the trial court did not err by granting the Board's motion to dismiss.

Further, we note that Driscoll's counsel's argument at the hearing reflected a reluctance to be "bound" by an amount of loss claimed in the statutory ante litem notice. But an ante litem notice, which must meet certain substantive requirements and deadlines, is a statutory obligation to provide "a statement of loss '*to the extent*

---

[12] See generally *City of Atlanta v. City of College Park*, 292 Ga. 741, 744 (741 SE2d 147) (2013) (legislature is presumed to act with full knowledge of the existing condition of the law); *Atlanta Oculoplastic Surgery, P.C. v. Nestlehutt*, 286 Ga. 731, 735 (2) (a) (691 SE2d 218) (2010) ("As with all torts, the determination of damages rests 'peculiarly within the province of the jury.'"), citing *Western & Atlantic R.R. v. Abbott*, 74 Ga. 851 (3) (1885) (pain and suffering damages to be measured according to enlightened conscience of impartial jurors).

[13] OCGA § 50-21-26 (a) (5).

*of the claimant's knowledge and belief and as may be practicable under the circumstances*.' Thus, the GTCA's ante litem notice provisions clearly contemplate the possibility that a claimant may have imperfect information regarding various facets of her claim at the time her notice is submitted."[14] The function of the ante litem notice is not to "bind" a plaintiff to a certain amount, but to provide notice to the State of the magnitude of the claim, as practicable and to the extent of the claimant's knowledge and belief. But for the GTCA, the State would be immune to even the most compelling tort claim. Thus, claimants under the Act must proceed according to its requirements. In the case before us, Driscoll failed to do so.

*Judgment affirmed. McFadden and Boggs, JJ., concur.*

---

[14] (Punctuation omitted; emphasis supplied.) *Myers*, __ Ga. App. at __, citing *Cummings*, 282 Ga. at 825.