**FIRST DIVISION**
**PHIPPS, C. J.,**
**ELLINGTON, P. J., and MCMILLIAN, J.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**October 29, 2014**

# In the Court of Appeals of Georgia

A14A0910. DORN et al. v. GEORGIA DEPARTMENT OF
    BEHAVIORAL HEALTH AND DEVELOPMENTAL
    DISABILITIES.

ELLINGTON, Presiding Judge.

Paul Dorn, individually and as administrator of the estate of his son, Brooks Cameron Dorn (the "decedent"), sued the Georgia Department of Behavioral Health and Developmental Disabilities (the "Department") for damages, contending that the Department's negligence was the proximate cause of the decedent's death. The trial court dismissed Dorn's complaint for failure to comply with the ante litem notice provisions of The Georgia Tort Claims Act, OCGA § 50-21-20 et seq. ("GTCA") in that Dorn did not specify the amount of the loss claimed. On appeal, Dorn contends that he complied with the ante litem notice requirements notwithstanding that the

notice did not state the dollar amount of the loss claimed and that the trial court therefore erred in dismissing his complaint. For the reasons that follow, we affirm.

The record shows that the Decedent committed suicide on April 5, 2011, while on conditional release from a psychiatric facility operated by the Department. On January 9, 2012, Dorn presented, via certified mail, return receipt requested, his "Ante Litem Notice of Wrongful Death Claim" to the Risk Management Division of the Georgia Department of Administrative Services, and he provided a copy of the notice to the Department. Dorn's notice did not state the dollar amount of the loss claimed. Rather, the notice stated that "[t]he amount of the loss suffered" is the "[m]onetary value of [the decedant's] life in an amount sufficient to appropriately penalize State's deliberately indifferent, negligent breach of State's duty, and also in an amount sufficient to appropriately penalize State's deliberately indifferent, negligent violation of [the decedent's] rights."

On March 28, 2013, Dorn filed suit against the Department to recover damages for personal injuries and wrongful death allegedly caused by the negligent acts or omissions of the Department. Contemporaneously with its answer, the Department filed a motion to dismiss the complaint for, among other things, Dorn's failure to comply with the ante litem notice requirements set forth in the GTCA. The trial court

dismissed the complaint because Dorn's ante litem notice did not specify the monetary amount of loss claimed and so failed to comply with OCGA § 50-21-26 (a) (5) (E).

The GTCA is "a limited waiver of the State's sovereign immunity, crafted, as is constitutionally authorized, by our Legislature, and not subject to modification or abrogation by our courts." (Citation omitted.) Among other things, "[t]he GTCA requires a party with a potential tort claim against the State to provide the State with notice of the claim prior to filing suit thereon. OCGA § 50-21-26." Id. at 823. The ante litem notice requirements serve the purpose of "ensur[ing] that the state receives adequate notice of the claim to facilitate settlement before the filing of a lawsuit." *Williams v. Ga. Dept. of Human Resources*, 272 Ga. 624, 625 (532 SE2d 401) (2000).

A claimant must strictly comply with the notice provisions as a prerequisite to filing suit under the GTCA, and substantial compliance is not sufficient. *Cummings v. Ga. Dept. of Juvenile Justice*, 282 Ga. at 824; *Ga. Dept. of Transp. v. Griggs*, 322 Ga. App. 519, 520 (745 SE2d 749) (2013). However, "the rule of strict compliance does not demand a hyper-technical construction that would not measurably advance the purpose of the GTCA's notice provisions." (Citation omitted.) *Cummings v. Ga. Dept. of Juvenile Justice*, 282 Ga. at 824.

3

"If the ante litem notice requirements are not met, then the State does not waive sovereign immunity, and therefore, the trial court lacks subject matter jurisdiction." *Board of Regents of the Univ. Sys. of Ga. v. Meyers*, __ Ga. __, __ (Case No. S14G0431, decided October 6, 2014). "We review de novo a trial court's ruling on a motion to dismiss based on sovereign immunity grounds, which is a matter of law. Factual findings are sustained if there is evidence supporting them, and the burden of proof is on the party seeking the waiver of immunity." (Citation and punctuation omitted.) *Bd. of Regents of the Univ. Sys. of Ga. v. Canas*, 295 Ga. App. 505, 509 (3) (672 SE2d 471) (2009).

Pertinent to this dispute, the GTCA requires that a written notice of claim "shall state, to the extent of the claimant's knowledge and belief and as may be practicable under the circumstances, . . . [t]he amount of the loss claimed[.]" OCGA § 50-21-26 (a) (5) (E). Dorn contends that he complied with this provision because the GTCA does not require that the notice state the dollar amount of the claim, and that he stated the amount of the loss to the extent of his knowledge and belief as practicable under the circumstances given that a claim for wrongful death is an unliquidated claim.

4

As the Supreme Court of Georgia has explained, "the GTCA's ante litem notice provisions clearly contemplate the possibility that a claimant may have imperfect information regarding various facets of [his] claim at the time [his] notice is submitted." *Cummings v. Ga. Dept. of Juvenile Justice*, 282 Ga. 822, 825 (653 SE2d 729) (2007). The General Assembly "was certainly aware that certain losses in tort claims will always be difficult to value and are ultimately subject to an impartial jury's enlightened conscience." (Citation and punctuation omitted.) *Bd. of Regents of Univ. Sys. of Ga. v. Myers*, _ Ga. _ (Case No. S14G0431, decided October 6, 2014). See also *Driscoll v. Bd. of Regents of Univ. Sys. of Ga.*, 326 Ga. App. 315, 317 (757 SE2d 138) (2014) ("Anytime a life is lost, the inadequacy of the law's remedial power is thrown into sharp relief."). For this reason, the GTCA "does not require that a claimant give notice of the 'entire loss,' the 'complete loss,' or the 'total loss.'" *Bd. of Regents of Univ. Sys. of Ga. v. Myers*, _ Ga. at _. But the plain language of the statute, as noted above, *does* require notice of the amount of the loss claimed at that time, within the belief and knowledge of the claimant, as may be practicable under the circumstances. Id.; *Cummings v. Ga. Dept. of Juvenile Justice*, 282 Ga. at 825. A claimant "is not relieved from giving *some* notice to the State [of the amount of the loss claimed] even if [his] knowledge is incomplete or [he] must rely on [his] belief."

5

(Citation and punctuation omitted; emphasis supplied.) *Bd. of Regents of Univ. Sys. of Ga. v. Myers*, _ Ga. at _ . See also *Driscoll v. Bd. of Regents of Univ. Sys. of Ga.*, 326 Ga. App. at 317-318 (accord).

In a recent case, this Court determined that a claimant's ante litem notice failed to satisfy the notice requirement of OCGA § 50-21-26 (a) (5) (E) where the claimant for the loss of the life of another "made no mention of any amount of loss claimed even though his losses were completed, and there was nothing about the circumstances that prevented him from assigning values to his losses to the best of his knowledge and belief within the statutory deadline." (Footnote omitted.) *Driscoll v. Bd. of Regents of the Univ. Sys. of Ga.*, 326 Ga. App. at 317. In this case, as in *Driscoll*, the loss was complete when Dorn submitted his ante litem notice. And, as in *Driscoll*, Dorn shows nothing that would have precluded him from assigning a value to the loss to the extent of his knowledge and belief.

Dorn argues that, unlike the notice at issue in *Driscoll*, his ante litem notice did not entirely lack any statement regarding the amount of loss.[1] See *Driscoll v. Bd. of*

---

[1] Dorn also refers us to *Sikes v. Candler County*, 247 Ga. 115 (274 SE2d 464) (1981), in which our Supreme Court disapproved of three decisions of this Court "insofar as they purport to create an inflexible requirement that presentation to a county of a claim [under OCGA § 32-2-6] must always contain a statement of the amount of damages in order to be sufficient under [OCGA § 36-11-1]." Id. at 118.

*Regents of the Univ. Sys. of Ga.*, 326 Ga. App. at 318. However, as to the amount of the loss claimed, there is no material difference in the notice given to the State by Dorn and the notice at issue in *Driscoll*. The notice in *Driscoll* informed the State of a "claim for damages" and that the "Injury" involved "Loss of Life." Id. at 315. Here, Dorn notified the State that "[t]he amount of the loss suffered" was the "[m]onetary value of [the decedant's] life" in an amount sufficient to appropriately penalize the State for its conduct. In both cases the State was put on notice of a claim for wrongful death, but not the amount of the loss claimed. And as our precedent indicates, the "amount" of any loss claimed is the dollar amount of the loss claimed, albeit to the extent of the claimant's knowledge and belief. See *Driscoll v. Bd. of Regents of the Univ. Sys. of Ga.*, 326 Ga. App. at 317 (noting that the fact that after serving his ante litem notice, the claimant communicated to the State a settlement demand listing specific dollar amounts for human life value and certain death-related expenses, "exemplified" the fact that "an amount of loss eventually must be determined if a party seeks monetary compensation"); *Perdue v. Athens Technical College*, 283 Ga. App. 404, 406 (641 SE2d 631) (2007) (dismissing complaint where the claimant's

*Sikes* is not controlling as it addresses statutes other than the GTCA. The GTCA expressly requires a statement of "[t]he amount of the loss claimed." OCGA § 50-21-26 (a) (5) (E).

7

ante litem notice that failed to include any specific dollar amount or range of losses claimed but rather asserted only "economic and non-economic losses" from a personal injury). See also OCGA § 50-21-22 (1) (defining "claim," in applicable part, as "any demand against the State of Georgia for money").

Dorn contends that quantifying the amount of his claim would have necessitated reference to mortality tables, wage records, and perhaps an expert economist, none of which is required by the GTCA.[2] Therefore, Dorn asserts, his ante litem notice stated the amount of his loss to the extent of his knowledge and belief, as practicable.[3] As noted above, however, a claimant is not relieved from giving some

---

[2] The damages recoverable in a wrongful death action include the full value of the life of the decedent. OCGA §§ 51-4-1 (1); 51-4-2 (a), (e). "The full value of the decedent's life is the economic value and the value of other noneconomic intangible items that the decedent would have attained to the end of his life had he lived." (Citation omitted.) *Carroll Fulmer Logistics Corp. v. Hines*, 309 Ga. App. 695, 696 (710 SE2d 888) (2011).

[3] In his appellate brief, Dorn relies largely on this Court's decision in *Myers v. Bd. of Regents of the Univ. Sys. of Ga.*, 324 Ga. App. 685 (751 SE2d 490) (2013), pointing out that we found that the notice of claim sufficient even though the claimant failed to specify the amount of the claim. The Supreme Court of Georgia, however, recently reversed our decision in *Meyers*, holding that the claimant's "notice failed to strictly comply with [OCGA § 50-21-26 (a) (5) (E)] because it did not state any amount of loss whatsoever," noting that "the extent of her knowledge and belief at the time of notice included, at a minimum, the medical expenses she had incurred thus far." *Bd. of Regents of the Univ. Sys. of Ga. v. Meyers*, __ Ga. at __.

notice to the State of the magnitude of his claim even if his knowledge is incomplete or he must rely on his belief. *Bd. of Regents of the Univ. Sys. of Ga. v. Meyers*, __ Ga. at __; *Driscoll v. Bd. of Regents of the Univ. Sys. of Ga.*, 326 Ga. App. at 318. Furthermore, the function of the ante litem notice is "not to 'bind' a plaintiff to a certain amount" or restrict the claimant to only those losses stated in the notice. *Bd. of Regents of the Univ. Sys. of Ga. v. Meyers*, __ Ga. at __. See also *Driscoll v. Bd. of Regents of the Univ. Sys. of Ga.*, 326 Ga. App. at 318 (accord). Accordingly, the trial court correctly ruled that Dorn's ante litem notice failed to comply with OCGA § 50-21-26 (a) (5) (E).

Dorn maintains that the failure to quantify the amount of his claim should not be fatal to his complaint because the State suffered no prejudice thereby and because he was acting pro se at the time he submitted the ante litem notice. In *Cummings,* our Supreme Court considered whether an error in the claimant's ante litem notice misidentifying the responsible agency prejudiced the State, but in that case the claimant, who undisputedly believed she had identified the correct agency, complied with the plain language of the ante litem notice provisions. See *Cummings v. Ga. Dept. of Juvenile Justice*, 282 Ga. at 825 (noting that "the plain language of the statute requires the identification of the agency *asserted to be* responsible, rather than

9

identification of the agency *actually* responsible") (footnote omitted; emphasis in original). In this case, Dorn did not comply with the plain language of the statute. See *Driscoll v. Bd. of Regents of the Univ. System of Ga*., 326 Ga. App. at 317 (finding notice failed to satisfy the GTCA notwithstanding that prejudice to the state was "arguably minimal"). Further, in *Cummings* the correct identity of the responsible agency was discovered by the State early in its investigation, and the State possessed "obviously superior knowledge regarding which of its agencies employ which of its employees." *Cummings v. Ga. Dept. of Juvenile Justice*, 282 Ga. at 826, n. 3. In contrast, the claimant has superior, if not sole, knowledge of "[t]he amount of the loss *claimed*." OCGA § 50-21-26 (a) (5) (E).

Nor does the fact that Dorn composed the ante litem notice while unrepresented by counsel excuse compliance with the statutory requirements. We acknowledge that the dismissal of Dorn's complaint is a harsh result, perhaps even more so because Dorn drafted the notice while acting pro se. Nevertheless, "[a]lthough [Dorn] is proceeding pro se, that status does not relieve him of the obligation to comply with the substantive and procedural requirements of the law[.]" (Citation omitted.) *Simon v. City of Atlanta*, 287 Ga. App. 119, 120 (650 SE2d 783) (2007). Dorn shows no

10

authority for the proposition that a pro se litigant is exempt from a statutory obligation.

For the foregoing reasons, we conclude that the trial court did not err in dismissing Dorn's complaint.

*Judgment affirmed. Phipps, C. J., and McMillian, J., concur.*