**FOURTH DIVISION**
**DILLARD, P. J.,**
**RAY and SELF, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**April 21, 2017**

# In the Court of Appeals of Georgia

A17A0363. WILLIAMS v. WILCOX STATE PRISON, et al.

DILLARD, Presiding Judge.

Betty Williams appeals the trial court's dismissal of her negligence action against Wilcox State Prison and the Georgia Department of Corrections (collectively the "GDOC"),[1] arguing that the court erred in finding that her ante-litem notice failed to comply with the Georgia Tort Claims Act's ("GTCA")[2] requirements that it apprise the GDOC of the alleged acts or omissions that caused her loss and of the nature of the loss she allegedly suffered. Although Williams concedes that she failed to comply with the GTCA's requirement that she attach a certificate to her complaint, certifying

---

[1] Although Wilcox State Prison is listed as a separate defendant/appellee, it is undisputed that the prison is not a separate entity from the GDOC, and in her appellate brief, Williams addresses the GDOC as the sole appellee.

[2] *See* OCGA § 50-21-1, *et seq*.

that she mailed a copy of the complaint to the Attorney General in a specified manner, she nevertheless maintains that she should have been allowed to amend her complaint to include the certificate. For the reasons set forth *infra*, we affirm.

The record shows that on May 11, 2015, Williams filed a complaint for damages against the GDOC, alleging that, while visiting Wilcox State Prison, she "tripped and fell over uneven floor [in] the visitor's bathroom," which resulted in severe bodily injury. The complaint further alleged that the GDOC "did not act reasonably in inspecting or maintaining the ground so as to prevent or correct the dangerous and hazardous condition of the ground" and that Williams's injuries were proximately caused by its negligence. The GDOC answered, denying the allegations and asserting numerous defenses, including that, in violation of OCGA § 50-21-26 (a) (4), Williams failed to attach as exhibits to her complaint a pre-suit notice of the claim she presented to the Risk Management Division of the Department of Administrative Services and a receipt evincing delivery of the notice. In addition, the GDOC asserted that Williams failed to attach to her complaint a certificate that OCGA § 50-21-35's requirement of notice to the Attorney General had been satisfied.

On June 26, 2015, the GDOC filed a motion to dismiss Williams's complaint, arguing that the trial court lacked subject-matter jurisdiction over the case because

2

it had not waived its sovereign immunity to her tort claims, and that she failed to demonstrate strict compliance with the GTCA's ante-litem and notice-of-service provisions.[3] Shortly thereafter, Williams amended her complaint to include as exhibits two ante-litem notices dated September 11, 2013, that were sent to Wilcox State Prison and the GDOC, as well as the certified mail receipt for each notice. The GDOC then supplemented its motion to dismiss Williams's complaint, arguing that, although Williams had attached purported ante-litem notices to her amended complaint, those notices were deficient and failed to strictly comply with OCGA § 50-21-26. In doing so, the GDOC reiterated that Williams had still not provided a certificate showing that notice of her suit had been provided to the Attorney General as required by OCGA § 50-21-35. Following Williams's response to the GDOC's motion to dismiss her complaint and other responsive pleadings by the parties, the trial court ultimately granted the GDOC's motion and dismissed the complaint. This appeal by Williams follows.

---

[3] The GDOC also challenged Williams's choice of venue, but contended that transferring the case to another court would be futile due to the lack of subject-matter jurisdiction by any court.

We begin by noting that this Court reviews *de novo* a "trial court's ruling on a motion to dismiss based on sovereign immunity grounds, which is a matter of law."[4] Further, the trial court's factual findings will be sustained if "there is evidence supporting them, and the burden of proof is on the party seeking the waiver of immunity."[5] With these guiding principles in mind, we will now address Willliams's specific claims of error.

1. Williams argues that the trial court erred in dismissing her complaint based on its findings that her ante-litem notices failed to provide the GDOC with sufficient notice of the acts or omissions that caused her alleged loss or of the nature of that loss. We disagree.

As we have explained, the GTCA is "a limited waiver of the State's sovereign immunity, crafted, as is constitutionally authorized, by our Legislature, and not subject to modification or abrogation by our courts,"[6] and requires "a party with a

---

[4] *Dorn v. Ga. Dep't of Behavioral Health & Developmental Disabilities*, 329 Ga. App. 384, 385 (765 SE2d 385) (2014) (punctuation omitted).

[5] *Id.* (punctuation omitted).

[6] *Id.* (punctuation omitted); *accord Cummings v. Ga. Dep't of Juvenile Justice*, 282 Ga. 822, 824 (653 SE2d 729) (2007); *Ga. Dep't of Transp. v. Griggs*, 322 Ga. App. 519, 520-21 (745 SE2d 749) (2013).

potential tort claim against the State to provide the State with notice of the claim prior to filing suit thereon."[7] Indeed, the ante-litem notice requirements "serve the purpose of ensuring that the [S]tate receives adequate notice of the claim to facilitate settlement before the filing of a lawsuit."[8] Importantly, a claimant must "strictly comply with the notice provisions as a prerequisite to filing suit under the GTCA, and substantial compliance is not sufficient."[9] As we have previously explained, "substantial compliance is not strict compliance. Strict compliance is exactly what it sounds like: strict."[10] That said, we have repeatedly emphasized that the rule of strict

---

[7] *Dorn*, 329 Ga. App. at 385 (punctuation omitted); *accord Bd. of Regents of Univ. Sys. of Ga. v. Myers*, 295 Ga. 843, 845 (764 SE2d 543) (2014); *Cummings*, 282 Ga. at 823; *see generally* OCGA § 50-21-26 (setting forth the GTCA's notice requirements).

[8] *Dorn*, 329 Ga. App. at 385 (punctuation omitted); *accord Myers*, 295 Ga. at 845; *Cummings*, 282 Ga. at 824; *Williams v. Ga. Dep't of Human Res.*, 272 Ga. 624, 625 (532 SE2d 401) (2000).

[9] *Dorn*, 329 Ga. App. at 385; *accord Myers*, 295 Ga. at 845; *Cummings*, 282 Ga. at 824; *Griggs*, 322 Ga. App. at 520; *see DeFloria v. Walker*, 317 Ga. App. 578, 580 (732 SE2d 121) (2012) ("[I]t is well established that strict compliance with the notice provisions is a prerequisite to filing suit under the [GTCA], and substantial compliance therewith is insufficient. Strict compliance is necessary because the [GTCA] represents a limited waiver of the state's sovereign immunity, crafted, as is constitutionally authorized, by our Legislature, and not subject to modification or abrogation by our courts." (punctuation and footnote omitted)).

[10] *DeFloria*, 317 Ga. App. at 582.

compliance "does not demand a hyper-technical construction that would not measurably advance the purpose of the GTCA's notice provisions [as reflected by the plain meaning of the relevant statutory text]."[11] Nevertheless, if the ante-litem notice requirements are not met, then the State does not waive sovereign immunity and the trial court lacks subject-matter jurisdiction over the case.[12]

OCGA § 50-21-26 provides, *inter alia*, that no person who has a tort claim against the State may bring an action against the State on that claim without first giving notice, which

> shall be given in writing and shall be mailed by certified mail or statutory overnight delivery, return receipt requested, or delivered personally to and a receipt obtained from the Risk Management Division of the Department of Administrative Services. In addition, a copy shall be delivered personally to or mailed by first-class mail to the state government entity, the act or omissions of which are asserted as the basis of the claim.[13]

---

[11] *Dorn*, 329 Ga. App. at 385 (punctuation omitted); *accord Myers*, 295 Ga. at 845; *Cummings,* 282 Ga. at 824; *Ga. Dep't of Transp. v. King*, No. A16A2132, 2017 WL 993183, at *2 (Ga. App.).

[12] *Dorn*, 329 Ga. App. at 385; *accord Myers*, 295 Ga. at 845; *King*, 2017 WL 993183, at *2.

[13] OCGA § 50-21-26 (a) (2).

As to the content of that notice, OCGA § 50-21-26 (a) (5) provides that

[a] notice of claim under this Code section shall state, to the extent of the claimant's knowledge and belief and as may be practicable under the circumstances, the following: (A) The name of the state government entity, the acts or omissions of which are asserted as the basis of the claim; (B) The time of the transaction or occurrence out of which the loss arose; (C) The place of the transaction or occurrence; (D) *The nature of the loss suffered*; (E) The amount of the loss claimed; and (F) *The acts or omissions which caused the loss*.[14]

In granting the GDOC's motion to dismiss the complaint, the trial court found that Williams's ante-litem notice failed to strictly comply with OCGA § 50-21-26 (a) (5)'s requirements that it identify the acts or omissions which caused her alleged loss and the nature of that loss. The trial court's findings are supported by the record.

The identical ante-litem notices attached to Williams's amended complaint contend that, on or about June 30, 2013, Williams was injured while visiting an inmate at Wilcox State Prison. Specifically, the notices state that, "[w]hile in the bathroom, [ ] Williams encountered a hazard, water on the floor[,]" and that "[w]ithout warning, or notice, [she] slipped, fell, and was injured." The notices further assert that Williams's negligence claims are based on the GDOC's failure to

---

[14] OCGA § 50-21-26 (a) (5) (A)-(F) (emphasis supplied).

7

properly warn her of the water hazard and its failure to maintain a safe environment. But Williams's complaint was based on an entirely different set of factual allegations. Indeed, as previously mentioned, Williams's complaint alleged that she was injured at the prison when she tripped and fell over *uneven flooring* in the visitor's bathroom, not that she slipped as a result of a water hazard. And unlike her ante-litem notices' suggestion that her injuries were caused by the GDOC's failure to keep the bathroom floor dry or to warn her of a water hazard, the complaint alleged that her injuries were caused by the GDOC's failure to (1) warn of *uneven ground*; (2) place proper warning signs around the *uneven area*; (3) inspect the ground so as to discover the hazard; and (4) otherwise maintain the ground in a safe condition. Therefore, because the ante-litem notices made no mention of any alleged negligent acts or omissions on the part of the GDOC with regard to uneven flooring in the bathroom, which was the basis for her negligence action against it, she failed to strictly comply with the GTCA's notice requirement in OCGA § 50-21-26 (a) (5) (F).[15]

---

[15] *See* OCGA § 50-21-26 (a) (5) (F) (providing that notices given under OCGA § 50-21-26 must include, to the extent of the claimant's knowledge and belief and as may be practical under the circumstances, the acts or omissions which caused the loss). In her appellate brief, Williams summarily asserts, without further elaboration or citation to supporting legal authority, that she satisfied the notice requirements of OCGA § 50-21-26 (a) (5) (F) because she apprised the GDOC "of a claim arising out of an issue in the bathroom." But to the extent that this argument has even been

Further, Williams's ante-litem notices also failed to specify the nature of the loss she suffered, as required by OCGA § 50-21-26 (a) (5) (D). In fact, the ante-litem notices provided no details regarding the type of injuries Williams allegedly suffered. Instead, these notices state generally that she "sustained serious injuries" as a result of a slip-and-fall. And although Williams indicated that she had requested her medical records and expected her damages to exceed $25,000, she provided no information regarding the injuries for which she received or planned to receive medical treatment. Thus, because Williams failed to strictly comply with at least two of OCGA § 50-21-26 (a) (5)'s notice requirements, the trial court correctly found that it lacked subject-matter jurisdiction over her complaint.[16]

adequately raised on appeal, we note that Williams's notification of *where her injury occurred*, which is a separate requirement under OCGA § 50-21-26 (a) (5) (C), is not the same as an identification of the particular *acts* or *omissions* of the GDOC that allegedly caused the injury as required by OCGA § 50-21-26 (a) (5) (F). *See Daker v. State*, 300 Ga. 74, 78 (3) n.7 (792 SE2d 382) (2016) (declining to address an enumeration of error when the appellant provided no cogent legal argument to support it); *Fennelly v. Lyons*, 333 Ga. App. 96, 100 (1) (775 SE2d 587) (2015) (deeming a claim of error abandoned when the appellant failed to provide any cogent argument or legal authority to support it); *Dixon v. Metro. Atlanta Rapid Transit Auth.*, 242 Ga. App. 262, 266 (4) (529 SE2d 398) (2000) (same).

[16] *See Myers*, 295 Ga. at 845 ("If the ante litem notice requirements are not met, then the State does not waive sovereign immunity, and therefore, the trial court lacks subject matter jurisdiction."); *Williams*, 272 Ga. at 626 (holding that a plaintiff failed to give adequate notice of a wrongful-death claim when the ante-litem notice

2. While Williams concedes that she failed to comply with OCGA § 50-21-35's requirement that she provide a certificate showing that she notified the Attorney General of her negligence action,[17] she nevertheless contends that she should have been permitted to amend her complaint to include the certification.[18] But even if

described the loss as "pain, disfigurement, and a reduced life expectancy"); *King*, 2017 WL 993183, at *4 (holding that an appellant's anti-litem notice that she intended to "claim the full amount of damages allowed by law" failed to satisfy the requirement that she notify the state of the amount of her loss as required by OCGA § 50-21-26 (a) (5) (E)); *Perdue v. Athens Tech. Coll.*, 283 Ga. App. 404, 408-09 (641 SE2d 631) (2007) (holding that a case filed under the GTCA was properly dismissed when the ante-litem notice failed to comply with OCGA § 50-21-26 (a) (5) (E)'s requirement that it state the amount of the loss); *Johnson v. E.A. Mann & Co.*, 273 Ga. App. 716, 722 (616 SE2d 98) (2005) (holding that the trial court lacked subject-matter jurisdiction over a claim filed under the GTCA when the ante-litem notice failed to comply with OCGA § 50-21-26 (a) (5) (A)'s requirement that it state the entity that the plaintiff intended to hold liable).

[17] *See* OCGA § 50-21-35 ("In all civil actions brought against the state under this article, to perfect service of process the plaintiff must both: (1) cause process to be served upon the chief executive officer of the state government entity involved at his or her usual office address; and (2) cause process to be served upon the director of the Risk Management Division of the Department of Administrative Services at his or her usual office address. The time for the state to file an answer shall not begin to run until process has been served upon all required persons. A copy of the complaint, showing the date of filing, shall also be mailed to the Attorney General at his or her usual office address, by certified mail or statutory overnight delivery, return receipt requested and *there shall be attached to the complaint a certificate that this requirement has been met.*" (emphasis supplied)).

[18] As noted by the trial court, the State first raised the issue of Williams's failure to provide the certificate required by OCGA § 50-21-35 in its answer, which

10

Williams had amended her complaint to include the required certificate, the trial court still lacks subject-matter jurisdiction over the case for the reasons delineated in Division 1 *supra*.

For all these reasons, we affirm the trial court's dismissal of Williams's complaint.

*Judgment affirmed. Ray and Self, JJ., concur*.

was filed on June 25, 2015. And although more than a year passed between the State's answer and the trial court's dismissal of her case on July 20, 2016, Williams never sought to amend her complaint to include the certificate.