**March 15, 2017**

# In the Court of Appeals of Georgia

A16A2132. GEORGIA DEPARTMENT OF TRANSPORTATION
    v. KING.

BRANCH, Judge.

Shenita King filed this personal injury action in the State Court of Bibb County against the Georgia Department of Transportation, alleging that the Department's employee, John Peed, negligently caused a vehicle collision in which King was injured. The Department moved to dismiss King's complaint for lack of subject matter jurisdiction, among other things, on the basis that King's ante litem notice, which indicated that she would claim "the full amount of damages allowed by law" but did not specify in dollars the amount of the loss claimed, failed to satisfy the conditions for a waiver of sovereign immunity under the Georgia Tort Claims Act, OCGA § 50-21-20 et seq. ("GTCA"). The trial court determined that, because the GTCA caps the amount of damages for a claim under the Act at $1 million, the reference in King's ante litem notice to the full amount of damages allowed by law was sufficient to make the Department aware that King was seeking $1 million. The

trial court denied the Department's motion to dismiss, and, after obtaining permission from this Court,[1] the Department appeals. For the reasons explained below, we reverse.

Whether a plaintiff has carried her burden of establishing a waiver of sovereign immunity, which includes showing compliance with the ante litem provisions of the Act, is a question of subject matter jurisdiction. *Ga. Ports Auth. v. Harris*, 243 Ga. App. 508, 510 (1) (a) (533 SE2d 404) (2000), aff'd, 274 Ga. 146 (549 SE2d 95) (2001). See 50-21-26 (a) (3) ("[T]he courts shall have no jurisdiction . . . unless and until a written notice of claim has been timely presented to the state as provided in this subsection.").

> We review de novo a trial court's denial of a motion to dismiss based on sovereign immunity grounds, which is a matter of law. However, factual findings by the trial court in support of its legal decision are sustained if there is evidence authorizing them, and the burden of proof is on the party seeking the waiver of immunity.

*Loehle v. Ga. Dept. of Public Safety*, 334 Ga. App. 836, 836-837 (780 SE2d 469) (2015) (citations omitted).

---

[1] See OCGA § 5-6-34 (b) (applications for interlocutory appeals).

2

The GTCA requires a party with a potential tort claim against the State to provide the State with written notice of the claim before filing suit. OCGA § 50-21-26. Among other information, the notice must state "the amount of the loss claimed[.]" OCGA § 50-21-26 (a) (5) (E). Here, King's notice, sent August 1, 2013, stated that, as a result of a vehicle collision on or about July 26, 2013, with a vehicle driven by Department employee, John Peed, she "suffered and continues to suffer great pain and suffering." Her notice stated:

> The total damages for Mrs. King's personal injuries have not been determined as Mrs. King is still under the care of her treating physician. Mrs. King will claim the full amount of damages allowed by law.

The trial court determined that "the full amount of damages allowed by law" is established by the GTCA under OCGA § 50-21-29 (b) (1). That subsection provides that "in any action or claim for damages brought under the provisions of [the GTCA], no person shall recover a sum exceeding $1 million because of loss arising from a single occurrence, regardless of the number of state government entities involved[.]" The trial court determined that, because the notice showed that one individual was claiming damages from a single collision, and because the State is aware that, pursuant to OCGA § 50-21-29 (b) (1), the maximum recovery allowed by

3

the GTCA for one individual seeking damages from one occurrence is $1 million, the notice was sufficient to put the Department on notice of the amount of the loss claimed. We disagree with the trial court's ruling.

When construing a statute, "we must presume that the General Assembly meant what it said and said what it meant." *Deal v. Coleman*, 294 Ga. 170, 172 (1) (a) (751 SE2d 337) (2013) (citation and punctuation omitted). Thus if the language of the statute "is plain and unambiguous, judicial construction is not only unnecessary but forbidden." *Six Flags Over Ga. II v. Kull*, 276 Ga. 210, 211 (576 SE2d 880) (2003) (citation omitted). Where terms of art are not involved, we look to the common and customary usages of the words and their context. *Zaldivar v. Prickett*, 297 Ga. 589, 591 (1) (774 SE2d 688) (2015). "For context, we may look to other provisions of the same statute, the structure and history of the whole statute, and the other law — constitutional, statutory, and common law alike — that forms the legal background of the statutory provision in question." Id. (citation and punctuation omitted). Part of the context of the ante litem notice requirement is that "[i]f a claimant does not meet the ante litem notice requirements, then the state does not waive sovereign immunity, and therefore, the trial court lacks subject matter jurisdiction." *Silva v. Ga. Dept. of Transp.*, 337 Ga. App. 116, 117 (2) (787 SE2d 247) (2016) (citation and punctuation

4

omitted). Accordingly, "strict compliance with these ante litem notice requirements is necessary, and substantial compliance is insufficient." *Bd. of Regents of Univ. Sys. of Ga. v. Myers*, 295 Ga. 843, 845-846 (764 SE2d 543) (2014) (citations omitted). Nevertheless, the Supreme Court has "cautioned that strict compliance does not require a hyper-technical construction that would not measurably advance the purpose of the ante litem notice provisions." Id. at 846 (citation and punctuation omitted).

Under the GTCA, the notice of claim must "state, to the extent of the claimant's knowledge and belief and as may be practicable under the circumstances," six items of information as follows:

> (A) The name of the state government entity, the acts or omissions of which are asserted as the basis of the claim; (B) The time of the transaction or occurrence out of which the loss arose; (C) The place of the transaction or occurrence; (D) The nature of the loss suffered; (E) The amount of the loss claimed; and (F) The acts or omissions which caused the loss.

OCGA § 50-21-26 (a) (5). It is well-established that omitting only the "amount of the loss claimed" from an ante-litem notice is a failure to "strictly comply with the notice requirements of the GTCA" and therefore fatal to the plaintiff's claim. *Myers*, 295 Ga. at 843.

5

In *Myers*, the claimant's ante litem notice stated that "the amount of Ms. Myers [sic] loss is yet to be determined as she is still incurring medical bills and does not yet know the full extent of her injury." Id. at 844 (punctuation omitted). The Supreme Court addressed the meaning of the "amount of loss" requirement and held that even though the full extent of the claimant's loss was yet to be determined, she had incurred some medical expenses yet failed to report that information:

> We hold that Myers' notice failed to strictly comply with this ante litem notice requirement *because it did not state any amount of loss whatsoever*. Although the notice states that Myers' loss was yet to be determined, she was still incurring medical bills, and she did not yet know the full extent of her injury, she had actually incurred medical expenses at the time she gave notice. Thus, the extent of her knowledge and belief at the time of notice included, at a minimum, the medical expenses she had incurred thus far. As the trial court correctly recognized, Myers "failed entirely to comply with a requirement despite having knowledge."

Id. at 846 (citation, punctuation and footnote omitted; emphasis supplied). The court concluded that "the plain language [of the ante litem notice statute] requires notice of the amount of the loss claimed at [the] time [of the notice], within the belief and knowledge of the claimant, as may be practicable under the circumstances." Id. Thus, Myers should have included in the ante litem notice the amount of loss that she knew

6

at the time and could have also stated that "based on her belief, there would be some pain and suffering damages or lost wages in the future, the amounts of which she did not yet have knowledge and could not practicably provide at that time." Id. at 847. The Supreme Court went on to note that the amount of loss claimed in the ante litem notice does not bind the claimant; rather it provides *"notice to the State of the magnitude of the claim*, as practicable and to the extent of the claimant's knowledge and belief at the time of the notice." Id. (citation and punctuation omitted, emphasis supplied).

In the case before us, King's ante litem notice failed to state any amount of loss, stated that she would claim "the full amount of damages allowed by law," but indicated that she had already received care from her treating physician:

> Mrs. King suffered physical pain and suffering. The total damages for Mrs. King's personal injuries have not been determined as Mrs. King is still under the care of her treating physician. Mrs. King will claim the full amount of damages allowed by law.

Thus, at a minimum, King's ante litem notice is flawed for the identical reason found in *Myers* — the notice failed to state the amount of loss King knew at the time of the notice.

7

Second, King's reliance on the GTCA's cap on liability does not solve this problem. The cap has nothing to do with the amount of a claim; rather it is a limitation on the amount that can be recovered:

> no person shall *recover* a sum exceeding $1 million because of loss arising from a single occurrence, regardless of the number of state government entities involved; . . .

OCGA § 50-21-29 (b) (1). Moreover, the jury will hear information about the total amount of the plaintiff's claims without ever hearing about the limitation on recovery: "The existence of these caps on liability shall not be disclosed or suggested to the jury during the trial of any action brought under this article." Id. Accordingly, the cap provides no limitation on the amount the plaintiff can claim in the lawsuit. Correspondingly, as already shown, the Supreme Court has made clear that the "amount of loss claimed" in the ante litem notice does not bind the claimant, either. Thus, the reference to the GTCA's cap on recovery provides no information whatsoever about the amount that King may claim in the suit.

Third, the Supreme Court has explained that the ante litem requirements "ensure that the State receives adequate notice of the claim to facilitate settlement before the filing of a lawsuit," and that it should provide "notice to the State of the

8

magnitude of the claim." *Myers*, 295 Ga. at 845, 847 (citation omitted). The fact that the claimant may have losses that greatly exceed the GTCA cap on the amount that can be recovered is certainly relevant to the issue of settlement.

Given the above, the trial court's interpretation of the statute is erroneous as a matter of law. King's statement that she intended to "claim the full amount of damages allowed by law" fails to satisfy the definition of "the amount of loss claimed" provided by the Supreme Court; it refers to a cap on the amount she might be allowed to recover without providing any information about the amount she can claim to the jury; and it fails to provide meaningful information to the state for purposes of settlement.

For the reasons stated above, we reverse the denial of the Department's motion to dismiss.

*Judgment reversed. Doyle, C. J., Dillard, P. J., and Andrews and Ray, JJ., concur. Bethel, J., concurs fully and specially. Ellington, P. J., Mercier and Reese, JJ., dissent.*

9

A16A2132. GEORGIA DEPARTMENT OF TRANSPORTATION

v. KING

BETHEL, Judge, concurring fully and specially.

I join fully in Judge Branch's opinion and write specially to emphasize an additional point supporting the reversal of the trial court's order.

The dissent, the trial court, and King urge the proposition that "the full amount of damages allowed by law" is the legal and linguistic equivalent of saying "the maximum allowed by a statutory cap on damages" (which in this instance is $1 million). Respectfully, this is not precisely the case.

It is clear that "[i]f a tort is committed through mistake, ignorance, or mere negligence, the damages are limited to the actual injury received[.]" *See Mabelton Parkway CVS, Inc. v. Salter*, 273 Ga. App. 477, 482 (2) (b) (615 SE2d 558) (2005) (citation omitted); *see also Carroll v. Rock*, 220 Ga. App. 260, 260 (1) (469 SE2d 391) (1996) (citation omitted). It follows then that "the full amount of damages allowed by law" means the amount of damages incurred and proven, not to exceed

the statutory cap.[1] Stated differently, the cited statutory cap is not the only "cap." Actual damages are always a "cap" on recovery in this class of cases. *Mabelton Parkway CVS*, 273 Ga. App. at 482 (2) (b). This reality undermines King's argument and highlights the value of this provision of the ante litem notice requirement.

Consider a plaintiff who incurs a $50,000 loss under the circumstances alleged in King's complaint. The "full amount of damages allowed by law" to this hypothetical plaintiff is $50,000. Thus, a purported ante litem notice that merely seeks "the full amount of damages allowed by law" does not sufficiently inform the governmental entity of the magnitude of the claim — even if the entity is aware of a cap — because the "full amount" might be any amount between $1 and the applicable cap. In other words, such a notice provides no information about the claimed damages that the governmental entity did not already know.

---

[1] Of course, punitive damages, treble damages and the like are provided for by law as exceptions to this rule. None of these exceptions is implicated by this case.

A16A2132. GA. DEPT. OF TRANSPORTATION v. KING.

ELLINGTON, Presiding Judge, dissenting.

I believe that the trial court correctly determined that, although Shenita King's ante litem notice did not specify in dollars the amount of the loss claimed, the statement in her ante litem notice that she would claim "the full amount of damages allowed by law" was sufficient to make the Department aware that she was seeking $1 million, in view OCGA § 50-21-29 (b) (1), which caps the amount of damages for a claim under the Georgia Tort Claims Act at $1 million. Accordingly, I respectfully dissent.

Although strict compliance with the Act's ante litem notice requirements is necessary, and substantial compliance is insufficient, the Supreme Court of Georgia has cautioned that "strict compliance does not require a hyper-technical construction that would not measurably advance the purpose of the ante litem notice provisions. Nor does strict compliance take precedence over the plain language or meaning of the statute." (Citation and punctuation omitted.) *Bd. of Regents of Univ. Sys. of Ga. v. Myers*, 295 Ga. 843, 846 (764 SE2d 543) (2014). See also *Cummings v. Ga. Dept. of Juvenile Justice*, 282 Ga. 822, 824 (653 SE2d 729) (2007) (accord). "The purpose of [the ante litem notice] requirements is to ensure that the state receives adequate notice

of the claim to facilitate settlement before the filing of a lawsuit." (Footnote omitted.) *Williams v. Ga. Dept. of Human Resources*, 272 Ga. 624, 625 (532 SE2d 401) (2000). The function of the ante litem notice is not to commit a plaintiff to a accepting a certain amount in settlement, but it must "provide notice to the State of the magnitude of the claim, as practicable and to the extent of the claimant's knowledge and belief at the time of the notice." *Bd. of Regents of Univ. Sys. of Ga. v. Myers*, 295 Ga. at 847. See *Dorn v. Ga. Dept. of Behavioral Health & Developmental Disabilities*, 329 Ga. App. 384, 388 (765 SE2d 385) (2014) (accord); *Driscoll v. Bd. of Regents of Univ. Sys. of Ga.*, 326 Ga. App. 315, 318 (757 SE2d 138) (2014) (accord).

Because OCGA § 50-21-28 (b) (1) caps the damages allowed for a single occurrence at $1 million,[1] it is evident that the phrase "the full amount of damages allowed by law" means $1 million in King's case. I agree with the conclusion of the trial court, therefore, that "[i]n looking at [King's] Ante Litem Notice as a whole" the notice effectively did communicate a specific dollar amount, although it did so

[1] OCGA § 50-21-29 (b) (1) provides:
in any action or claim for damages brought under the provisions of [the Act], no person shall recover a sum exceeding $1 million because of loss arising from a single occurrence, regardless of the number of state government entities involved[.] . . . The existence of these caps on liability shall not be disclosed or suggested to the jury during the trial of any action brought under [the Act].

2

without using the word "dollar" or the symbol "$."[2] In my view, King's ante litem notice gave the Department notice of the magnitude of her claim sufficient to serve the Act's purpose of allowing the Department to pursue settlement negotiations. The Department entirely fails to articulate how it is in a worse position in seeking to negotiate a settlement with King because her notice stated that she would be seeking "the full amount allowed by law" rather than stating that she would be seeking "$1

---

[2] Thus, this case can be distinguished from cases where we have found that an ante litem notice was deficient where it entirely failed to state the amount of the loss. See *Silva v. Ga. Dept. of Transp.*, 337 Ga. App. 116, 117-119 (2) (787 SE2d 247) (2016) (An ante litem notice was deficient where it stated that the plaintiff was "still receiving treatment for her injuries."); *Dorn v. Ga. Dept. of Behavioral Health & Developmental Disabilities*, 329 Ga. App. at 387-389 (An ante litem notice was deficient where it stated that the "amount of loss suffered" is the "monetary value of the decedent's life in an amount sufficient to appropriately penalize [the] State's deliberate indifferent, negligent breach of [its] duty[ ] and . . . [its] deliberately indifferent, negligent violation of the decedent's rights.") (punctuation omitted); *Driscoll v. Bd. of Regents of Univ. Sys. of Ga.*, 326 Ga. App. at 316, 318 (An ante litem notice was deficient where it requested an "amicable resolution."); *Bd. of Regents of Univ. Sys. of Ga. v. Myers*, 295 Ga. at 846-847 (An ante litem notice was deficient where it stated that "the amount of [the plaintiff's] loss is yet to be determined as she is still incurring medical bills and does not yet know the full extent of her injury.""); *Perdue v. Athens Tech. College*, 283 Ga. App. 404, 406, 408 (641 SE2d 631) (2007) (An ante litem notice was deficient where it stated that the plaintiff suffered "economic and non-economic losses."). In none of these cases did an ante litem notice state that the plaintiff sought "the full amount of damages allowed by law."

3

million."[3] Because requiring that the specific dollar figure of "$1 million" be substituted would be a hyper-technical construction of OCGA § 50-21-26 (a) that would not measurably advance the purpose of the Act's ante litem notice requirements, the trial court did not err in denying the Department's motion to dismiss.

I am authorized to state that Judges Mercier and Reese join me in this dissent.

---

[3] The Department contends that "allowing each and every plaintiff to state that they were seeking the full amount of damages allowed under the law would mean that the State had no knowledge of the amount of damages sought by the plaintiff." Under the majority's analysis, however, "each and every plaintiff" is permitted to state that they are seeking $1 million, just because that is a dollar figure, even though that may reflect an individual plaintiff's hyperbolic value of the kinds of losses, like pain and suffering, that are difficult to value and are ultimately subject to an impartial jury's enlightened conscience. *Bd. of Regents of Univ. Sys. of Ga. v. Myers*, 295 Ga. at 846; *Dorn v. Ga. Dept. of Behavioral Health & Developmental Disabilities*, 329 Ga. App. at 386; *Driscoll v. Bd. of Regents of Univ. Sys. of Ga.*, 326 Ga. App. at 317-318. It is difficult to see how greater specificity advances the purposes of the ante litem notice. See *Bd. of Regents of Univ. Sys. of Ga. v. Myers*, 295 Ga. at 847 (A statement of the amount of the loss would have been sufficient if it stated an amount that included the plaintiff's medical expenses as of the date of the notice and "also stated that, based on her belief, there would be some pain and suffering damages or lost wages in the future, the amounts of which she did not yet have knowledge and could not practicably provide at that time.").

4