In the Supreme Court of Georgia

Decided: October 6, 2014

S14G0431. BOARD OF REGENTS OF THE UNIVERSITY SYSTEM OF
GEORGIA v. MYERS.

HUNSTEIN, Justice.

We granted certiorari in this case to determine whether the Court of Appeals correctly interpreted the ante litem notice requirements of the Georgia Tort Claims Act ("GTCA"), OCGA § 5-21-20 et seq. For the reasons set forth below, we hold that the claimant's ante litem notice in this case did not strictly comply with the notice requirements of the GTCA because it failed to state the amount of the loss claimed to the extent of the claimant's knowledge and belief as was practicable under the circumstances. Accordingly, we reverse.

On June 28, 2010, Appellee Kimberly Myers was injured when she stepped in an unrepaired pothole in a parking lot on the campus of Dalton State College, an institution within the University System of Georgia. Myers received medical emergency treatment that day, received follow-up orthopedic care, and started physical therapy, which ran from approximately September through

December 2010. Thereafter, she continued to seek medical treatment because she had not yet completely recovered from her injuries.

On October 11, 2010, Myers sent a Notice of Claim letter via certified mail pursuant to OCGA § 50-21-26 to the Georgia Department of Administrative Services ("DOAS") and the University System's Board of Regents ("Board"). Myers' ante litem notice stated that she asserted a negligence claim against the Board based on the unsafe condition of its parking lot at Dalton State College. She explained that on June 26, she stepped into a hole in the parking lot, "injuring her left ankle including a fracture and torn tendons." Myers' ante litem notice further stated that "[t]he amount of Ms. Myers [sic] loss is yet to be determined as she is still incurring medical bills and does not yet know the full extent of her injury."

On December 30, 2010, DOAS sent a letter to Myers' attorney acknowledging receipt of Myers' October 11 correspondence and requesting copies of Myers' medical bills, reports, and verification of any wage loss. Myers did not respond.

On August 2, 2011, DOAS sent a follow-up letter to Myers' counsel requesting the same documentation and a demand for settlement within 30 days.

On April 23, 2012, Myers made a demand for $110,000 to settle her claims. On May 7, 2012, DOAS responded with a settlement offer of $10,128.24.

Myers then filed suit on June 20, 2012, seeking damages for past and future medical expenses, pain and suffering, and mental anguish, as well as loss of earning capacity. The Board answered Myers' complaint and moved to dismiss, arguing that Myers' ante litem notice did not contain the "amount of the loss claimed," and therefore, it failed to comply with OCGA § 50-21-26 (a) (5) (E). The trial court granted the Board's motion to dismiss, finding that Myers' suit was barred by sovereign immunity because she failed to strictly adhere to the ante litem notice requirements of the GTCA.

Myers appealed, and the Court of Appeals reversed, holding that Myers' ante litem notice was sufficient. Myers v. Bd. of Regents of Univ. Sys. of Ga., 324 Ga. App. 685 (751 SE2d 490) (2013). The court explained that the "GTCA does not require a partial statement or a 'snapshot' of the loss; instead it requires a statement of 'the amount of *the loss claimed*.'" Id. at 688 (emphasis in original; footnote omitted). The Court of Appeals found that when Myers sent her ante litem notice in October 2011, she was still receiving medical treatment and the full extent of her loss was not reasonably quantifiable at that time; she

had not yet made a full recovery or determined the impact to her wage earning capacity. Id. Therefore, the court held that her ante litem notice complied with GTCA's notice requirements. Id. We subsequently granted certiorari.

The GTCA provides for a limited waiver of the State's sovereign immunity. OCGA § 50-21-23 (b) ("[t]he state waives its sovereign immunity only to the extent and in the manner provided in this article"); see also OCGA § 50-21-21 (a) ("the state shall only be liable in tort actions within the limitations of this article and in accordance with the fair and uniform principles established in this article"). In order to effectuate this waiver, certain prerequisites must be met.

> The GTCA requires a party with a potential tort claim against the State to provide the State with notice of the claim prior to filing suit thereon. OCGA § 50-21-26. Such notice must be given in writing within 12 months of the date the party's loss was or should have been discovered. OCGA § 50-21-26 (a) (1). The notice must identify, "to the extent of the claimant's knowledge and belief and as may be practicable under the circumstances," OCGA § 50-21-26 (a) (5), the state government entity whose acts or omissions are asserted as the basis for the claim, id. at (A); the time and place of the occurrence from which the claim arose, id. at (B) and (C); the nature and amount of the loss suffered, id. at (D) and (E); and the acts or omissions that caused the loss. Id. at (F). In addition, notice of the written claim must be "mailed by certified mail or statutory overnight delivery, return receipt requested, or delivered personally to and a receipt obtained from the Risk Management Division of the

4

Department of Administrative Services. In addition, a copy shall be delivered personally to or mailed by first-class mail to the state government entity, the act or omissions of which are asserted as the basis of the claim." OCGA § 50-21-26 (a) (2).

Cummings v. Ga. Dept. of Juvenile Justice, 282 Ga. 822, 823-824 (653 SE2d 729) (2007). These ante litem requirements ensure that the State receives adequate notice of the claim to facilitate settlement before the filing of a lawsuit. Williams v. Ga. Dept. of Human Res., 272 Ga. 624, 625 (532 SE2d 401) (2000).

"The stated intent of the [GTCA] is to balance strict application of the doctrine of sovereign immunity, which may produce 'inherently unfair and inequitable results,' against the need for limited 'exposure of the state treasury to tort liability.'" Norris v. Ga. Dept. of Transp., 268 Ga. 192, 192 (486 SE2d 826) (1997) (quoting OCGA § 50-21-21 (a)). If the ante litem notice requirements are not met, then the State does not waive sovereign immunity, and therefore, the trial court lacks subject matter jurisdiction. OCGA § 50-21-26 (a) (3).

As we have recognized, strict compliance with these ante litem notice requirements is necessary, and substantial compliance is insufficient. Cummings, 282 Ga. at 824; Williams, 272 Ga. at 624; see also Perdue v. Athens

Technical Coll., 283 Ga. App. 404, 405 (641 SE2d 631) (2007). However, we have cautioned that strict compliance does not require a "hyper-technical construction that would not measurably advance the purpose" of the ante litem notice provisions. Cummings, 282 Ga. at 824. Nor does strict compliance "take precedence over the plain language or meaning of the statute." Perdue, 283 Ga. App. at 407.

This case turns on the meaning of the statutory language requiring that a claimant must state the "amount of the loss claimed" "to the extent of the claimant's knowledge and belief and as may be practicable under the circumstances." OCGA § 50-21-26 (a) (5) (E). We hold that Myers' notice failed to strictly comply with this ante litem notice requirement because it did not state any amount of loss whatsoever. Although the notice states that Myers' loss was yet to be determined, she was still incurring medical bills, and she did not yet know the full extent of her injury, she had actually incurred medical expenses at the time she gave notice.[1] Thus, the extent of her knowledge and

---

[1] In her first amended complaint for damages, Myers provided a detailed exhibit listing her medical expenses to date. According to this exhibit, as of the date of her notice on October 11, 2010, she had incurred $4,180.64 in medical expenses.

belief at the time of notice included, at a minimum, the medical expenses she had incurred thus far. As the trial court correctly recognized, Myers "failed entirely to comply with a requirement despite having knowledge." See also Perdue, 283 Ga. App. at 408 (claimant's notice stating that she was "seeking compensation for her economic and non-economic losses" did not set forth the amount of the loss claimed).

As we have recognized, "the GTCA's ante litem notice provisions clearly contemplate the possibility that a claimant may have imperfect information regarding various facets of her claim at the time her notice is submitted." Cummings, 282 Ga. at 825. "The Legislature was certainly aware that certain losses in tort claims will always be difficult to value and are ultimately subject to an impartial jury's enlightened conscience." Driscoll v. Bd. of Regents of Univ. of Sys. of Ga., 326 Ga. App. 315, 317-318 (757 SE2d 138) (2014). Thus, the statute does not require that a claimant give notice of the "entire loss," the "complete loss," or the "total loss." Instead, the plain language requires notice of the amount of the loss claimed at that time, within the belief and knowledge of the claimant, as may be practicable under the circumstances. OCGA § 50-21-26 (a) (5) (E). We agree with the dissenters below that the claimant "is not

relieved from giving some notice to the State even if her knowledge is incomplete or she must rely on her belief." Myers, 324 Ga. App. at 689 (Boggs, J., dissenting). Here, in addition to stating the amount of the loss claimed, which would have included her medical expenses thus far, Myers could have also stated that, based on her belief, there would be some pain and suffering damages or lost wages in the future, the amounts of which she did not yet have knowledge and could not practicably provide at that time.

Contrary to Myers' arguments, this notice does not bind a claimant to an amount of the loss claimed. See Driscoll, 326 Ga. App. at 318. "The function of the ante litem notice is not to 'bind' a plaintiff to a certain amount, but to provide notice to the State of the magnitude of the claim, as practicable and to the extent of the claimant's knowledge and belief" at the time of the notice. Id.; see Myers, 324 Ga. App. at 689 (Boggs, J., dissenting) (claimant was not restricted "to only those losses stated in the ante litem notice").

Because Myers' notice did not comply with the GTCA's ante litem notice provisions, the State did not waive sovereign immunity and the trial court lacked jurisdiction to adjudicate Myers' claims.

Reversed. All the Justices concur, except Benham, J., who dissents.

S14G0431.  BOARD OF REGENTS OF THE UNIVERSITY SYSTEM OF GEORGIA v. MYERS.

BENHAM, Justice, dissenting.

As this Court has previously held, the rule that the Georgia Tort Claims Act ("GTCA") should be strictly construed "does not demand a hyper-technical construction that would not measurably advance the purpose of the GTCA's notice provisions. In other words, we have declined to reach a needlessly harsh result when that result was not mandated by the GTCA." (Citations and punctuation omitted.)  *Cummings v. Ga. Dept. of Juvenile Justice*, 282 Ga. 822, 824-825 (653 SE2d 729) (2007).  In *Cummings*, we reiterated that "the purpose of the ante litem notice requirements is to ensure that the state receives adequate notice of the claim to facilitate settlement before the filing of a lawsuit." (Citation and punctuation omitted.) Id. at 824.  In the case now before us, after receiving timely notice of the claim, the state was not hampered in its ability to seek a settlement before appellee Myers filed her lawsuit.  She sent a demand package to the Georgia Department of Administrative Services ("DOAS") listing all her alleged damages, including medical expenses and other damages

she had not yet sustained at the time she initially served her ante litem notice. DOAS responded with a settlement offer, and all this occurred prior to Myers's filing her complaint.

I agree with the Court of Appeals that the language of the GTCA requires a statement of "the amount of the loss claimed," and not an incomplete snapshot of the loss the claimant has sustained at the time of the ante litem notice. See OCGA § 50-21-26 (a) (5) (E). After the Court of Appeals issued its opinion in this matter, it distinguished the facts of this case from the facts of a more recent case decided by that court in which the ante litem notice failed to mention any amount of loss claimed, even though by the time the notice was served, the losses were complete. See *Driscoll v. Bd. of Regents, etc.*, 326 Ga. App. 315, 317, n. 10 (757 SE2d 138) (2014). Ms. Myers's ante litem notice, by comparison, was served at a time before she knew or could have known of the full extent of her losses. Nevertheless, her ante litem notice described the physical injury she sustained, gave notice that her loss had yet to be determined because she was still incurring medical bills, and stated that she did not yet know the full extent of her injury. In my opinion, then, Myers's notice met the requirement of the GTCA that a notice of claim state the amount of loss claimed

"to the extent of the claimant's knowledge and belief and as may be practicable under the circumstances." OCGA § 50-21-26 (a) (5). Additionally, the purpose of assuring that the state's ability to make a meaningful settlement assessment before the lawsuit was filed was accomplished.

Consequently, I would affirm the Court of Appeals's opinion that the ante litem notice given by appellee Myers was adequate under the circumstances and its holding that her suit against appellant was improperly dismissed.