**THIRD DIVISION**
**MILLER, P. J.,**
**MCFADDEN and MCMILLIAN, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**May 17, 2016**

# In the Court of Appeals of Georgia

A16A0072. SILVA v. GEORGIA DEPARTMENT OF
TRANSPORTATION.

McFADDEN, Judge.

Janette Atkinson Silva was injured in a motor vehicle collision with a driver
employed by the Georgia Department of Transportation. She filed suit, but the trial
court dismissed her complaint for failure to comply with the ante litem notice
provisions of the Georgia Tort Claims Act, OCGA § 50-21-20 et seq., in that Silva
did not specify the amount of the loss she claimed. On appeal, Silva argues that the
trial court erred by retroactively applying *Board of Regents of the University System
of Georgia v. Myers*, 295 Ga. 843 (764 SE2d 543) (2014), but the real question is
whether the trial court correctly applied the ante litem notice provision, and it did.
Silva argues that the state was estopped from claiming her ante litem notice was

defective, but the state may not waive such defects. Finally, Silva argues that she effectively amended her ante litem notice, but her amendment was not effective because it was not timely. We therefore affirm the trial court.

1. *Procedural posture.*

Silva was injured when a Department of Transportation driver rear-ended her vehicle. A month after the accident, Silva's attorney sent ante litem notice of her claim to the commissioner of the Department of Transportation, the attorney general, and the Risk Management Division of the Department of Administrative Services. The notice explained the circumstances of the accident, described Silva's injuries and medical treatment, and stated that Silva was still receiving treatment for her injuries. The notice concluded that it would be presumed to comply with the requirements of OCGA § 50-21-26, the ante litem notice provision of the Georgia Tort Claims Act, unless the recipient notified Silva's attorney of any defect within ten days of receipt.

Silva filed suit in July 2014, seeking damages for medical expenses totaling $89,120, lost wages of $2,400, and pain and suffering. The Department of Transportation moved to dismiss the lawsuit on the ground that Silva failed to comply with the ante litem notice requirements of OCGA § 50-21-26. On October 30, 2014, Silva's attorney sent an amended ante litem notice, listing a dollar value for Silva's

2

lost wages and medical expenses, and claiming a loss of $1 million. The trial court granted the Department of Transportation's motion to dismiss because Silva's ante litem notice did not specify the monetary amount of loss claimed and thus failed to comply with OCGA § 50-21-26 (a) (5) (E). Silva filed this appeal.

2. *Sufficiency of notice.*

The Georgia Tort Claims Act is "a limited waiver of the [s]tate's sovereign immunity, crafted, as is constitutionally authorized, by our [l]egislature, and not subject to modification or abrogation by our courts." *Cummings v. Ga. Dept. of Juvenile Justice*, 282 Ga. 822, 824 (653 SE2d 729) (2007) (citation omitted). Among other things, the Act "requires a party with a potential tort claim against the [s]tate to provide the [s]tate with notice of the claim prior to filing suit thereon. OCGA § 50-21-26." Id. at 823. A claimant must give notice of her claim within 12 months of the date of loss, OCGA § 50-21-26 (a) (1), and must strictly comply with the notice provisions as a prerequisite to filing suit; substantial compliance is not sufficient. *Cummings*, 282 Ga. at 824 (citation omitted). If a claimant does not meet the ante litem notice requirements, "then the [s]tate does not waive sovereign immunity, and therefore, the trial court lacks subject matter jurisdiction." *Myers*, supra, 295 Ga. at 845.

The Act is specific about what must be included in the ante litem notice of claim. Under OCGA § 50-21-26 (a) (5) of the Act, the notice of claim must

> state, to the extent of the claimant's knowledge and belief and as may be practicable under the circumstances, the following: (A) The name of the state government entity, the acts or omissions of which are asserted as the basis of the claim; (B) The time of the transaction or occurrence out of which the loss arose; (C) The place of the transaction or occurrence; (D) The nature of the loss suffered; (E) The amount of the loss claimed; and (F) The acts or omissions which caused the loss.

Silva's original notice of claim did not include the amount of the loss she claimed as required by subsection (E). She argues that at the time she sent the notice, she was unable to specify the amount of the loss claimed – or even a reasonable estimate of her loss – because she had no idea what medical expenses she would incur in the future. She further argues that, until our Supreme Court decided *Myers*, supra, 295 Ga. at 843, well after Silva's notice was due, notices that omitted the amount of loss claimed because it was not "practicable under the circumstances" to include such information were nonetheless compliant with the statute. She argues that because *Myers* announced a new rule of law, the trial court erred in applying it retroactively. We disagree.

4

In *Myers*, our Supreme Court held that the claimant's "notice failed to strictly comply with [the] ante litem notice requirement because it did not state any amount of loss whatsoever." 295 Ga. at 846. Although the claimant was still incurring medical bills and did not know the full extent of her injury, the court held that she was required to give *some* notice of the amount of the loss she claimed, even if it were simply notice "that, based on her belief, there would be some pain and suffering damages or lost wages in the future, the amounts of which she did not yet have knowledge and could not practicably provide at that time." Id. at 846-847. Here, the trial court relied on *Myers* in dismissing Silva's complaint.

Silva argues that *Myers* announced a new rule of law that should not be applied retroactively. Generally,

> judicial decisions apply retroactively, unless the decision itself expresses that it should be given prospective effect or the equities favor prospective application under the three-pronged test set forth in *Chevron Oil v. Huson*, 404 U. S. 97 (92 SCt 349, 30 LE2d 296) (1971). The criteria of *Chevron Oil* require a court to: (1) Consider whether the decision to be applied nonretroactively established a new principle of law, either by overruling past precedent on which litigants relied, or by deciding an issue of first impression whose resolution was not clearly foreshadowed. (2) Balance the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect,

5

and whether retrospective operation would further or retard its operation. (3) Weigh the inequity imposed by retroactive application, for, if a decision could produce substantial inequitable results if applied retroactively, there is ample basis for avoiding the injustice or hardship by a holding of nonretroactivity.

*Sherman v. Dev. Auth. of Fulton County*, 324 Ga. App. 23, 24 (749 SE2d 29) (2013) (citations and punctuation omitted).

In the instant case, the first prong of the *Chevron Oil* test is dispositive of the issue of retroactivity. While our Supreme Court's decision in *Myers* reversed this court's decision in that case, it did not overrule precedent and, contrary to Silva's argument, it did not announce a new rule of law. Indeed, we previously had held that the complete omission of one of the six categories of information required by the ante-litem-notice statute, *including the amount of the loss claimed*, rendered such notices insufficient. See, e.g., *Perdue v. Athens Tech. College*, 283 Ga. App. 404, 408-409 (641 SE2d 631) (2007) (ante litem notice did not state the amount of the loss claimed as required by OCGA § 50-21-26 (a) (5) (E))*; Camp v. Coweta County*, 271 Ga. App. 349, 355 (3) (2005), reversed in part on other grounds, 280 Ga. 199 (2006) (ante litem notice did not provide the specific place or time of the incident or the nature of the plaintiff's injuries as required by OCGA § 50-21-26 (a) (5) (B), (C) and

(D)); *Johnson v. E. A. Mann & Co.*, 273 Ga. App. 716, 721-722 (616 SE2d 98) (2005) (ante litem notice failed to name any state entity that plaintiff sought to hold responsible for his injuries as required by OCGA § 50-21-26 (a))

On the other hand, we have found no case applying the ante litem notice provisions of the Act in which we or our Supreme Court found an ante litem notice that omitted an entire category of information to be sufficient. Silva cites *Sikes v. Candler County*, 247 Ga. 115, 118 (274 SE2d 464) (1981), but that case addressed compliance with the predecessor to OCGA § 36-11-1, which concerns claims against counties, not the Georgia Tort Claims Act.

In sum, *Myers* did not announce a new principle of law, its application does not implicate the question of non-retroactivity, and the trial court correctly relied on it in dismissing this case. Cf. *Federated Mut. Ins. Co. v. DeKalb County*, 255 Ga. 522, 523-524 (341 SE2d 3) (1986) (Because Supreme Court had "laid down a new principle of law by deciding an issue of first impression whose resolution was not clearly foreshadowed [the Court was required to] address the question of non-retroactivity.").

2. *Waiver of defect.*

Silva argues that the trial court erred by holding that the state may never waive the ante litem notice requirements or be estopped from asserting defects in the notice. And here, she claims, the state waived any defect in her notice by failing to respond when the notice warned that it would be "presumed to comply" with the requirements of OCGA § 50-21-26 unless the state notified her attorney of any defect within ten days of receipt. But Silva has pointed to no authority that permitted her to unilaterally impose a duty on the state to respond to her letter or face a wavier of sovereign immunity. The state may not waive or be estopped from invoking statutory notice requirements. *DeFloria*, 317 Ga. App. at 581 n. 9 (citations omitted).

3. *Amendment.*

Silva argues that the trial court erred in implicitly concluding that any amendment of an ante litem notice must be made within 12 months of the injury to be effective. She argues that under *Cummings*, supra, 282 Ga. at 822, there is no deadline for amending ante litem notices so long as relation back to the original notice does not prejudice the state. But *Cummings* did not hold that. Instead, in *Cummings* our Supreme Court held that the claimant's original, timely notice complied with the statute, not that any amendment related back. In fact, in a footnote, the court indicated that to be timely, an amendment must come before the 12-month

8

deadline. Id. at 826 n. 4 ("Notably, Cummings served her initial notice more than four months before the 12-month deadline, allowing ample time for her *to amend and resend her notice in a timely manner* had she been made aware of the necessity of doing so.") (emphasis added).

*Judgment affirmed. Miller, P. J., and McMillian, J., concur.*