Branch, Judge.
Shenita King filed this personal injury action in the State Court of Bibb County against the Georgia Department of Transportation, alleging that the Department’s employee, John Peed, negligently caused a vehicle collision in which King was injured. The Department moved to dismiss King’s complaint for lack of subject matter jurisdiction, among other things, on the basis that King’s ante litem notice, which indicated that she would claim “the full amount of damages allowed by law” but did not specify in dollars the amount of the loss claimed, failed to satisfy the conditions for a waiver of sovereign immunity under the Georgia Tort Claims Act, OCGA § 50-21-20 et seq. (“GTCA”). The trial court determined that, because the GTCA caps the amount of damages for a claim under the Act at $1 million, the reference in King’s ante litem notice to the full amount of damages allowed by law was sufficient to make the Department aware that King was seeking $ 1 million. The trial court denied the Department’s motion to dismiss, and, after obtaining permission from this Court,[1] the Department appeals. For the reasons explained below, we reverse.
Whether a plaintiff has carried her burden of establishing a waiver of sovereign immunity, which includes showing compliance *103 with the ante litem provisions of the Act, is a question of subject matter jurisdiction. Ga. Ports Auth. v. Harris, 243 Ga. App. 508, 510 (1) (a) (533 SE2d 404) (2000), aff’d, 274 Ga. 146 (549 SE2d 95) (2001). See OCGA § 50-21-26 (a) (3) (“[T]he courts shall have no jurisdiction . . . unless and until a written notice of claim has been timely presented to the state as provided in this sub section [.] ”).
We review de novo a trial court’s denial of a motion to dismiss based on sovereign immunity grounds, which is a matter of law. However, factual findings by the trial court in support of its legal decision are sustained if there is evidence authorizing them, and the burden of proof is on the party seeking the waiver of immunity
Loehle v. Ga. Dept. of Pub. Safety, 334 Ga. App. 836, 836-837 (780 SE2d 469) (2015) (citations and punctuation omitted).
The GTCA requires a party with a potential tort claim against the State to provide the State with written notice of the claim before filing suit. OCGA § 50-21-26. Among other information, the notice must state “[t]he amount of the loss claimed[.]” OCGA § 50-21-26 (a) (5) (E). Here, King’s notice, sent August 1, 2013, stated that, as a result of a vehicle collision on or about July 26, 2013, with a vehicle driven by Department employee, John Peed, she “suffered and continues to suffer great pain and suffering.” Her notice stated:
The total damages for Mrs. King’s personal injuries have not been determined as Mrs. King is still under the care of her treating physician. Mrs. King will claim the full amount of damages allowed by law.
The trial court determined that “the full amount of damages allowed by law” is established by the GTCA under OCGA § 50-21-29 (b) (1). That subsection provides that “in any action or claim for damages brought under the provisions of [the GTCA], no person shall recover a sum exceeding $1 million because of loss arising from a single occurrence, regardless of the number of state government entities involved[.]” The trial court determined that, because the notice showed that one individual was claiming damages from a single collision, and because the State is aware that, pursuant to OCGA § 50-21-29 (b) (1), the maximum recovery allowed by the GTCA for one individual seeking damages from one occurrence is $1 million, the notice was sufficient to put the Department on notice of the amount of the loss claimed. We disagree with the trial court’s ruling.
*104 When construing a statute, “we must presume that the General Assembly meant what it said and said what it meant.” Deal v. Coleman, 294 Ga. 170, 172 (1) (a) (751 SE2d 337) (2013) (citation and punctuation omitted). Thus if the language of the statute “is plain and unambiguous, judicial construction is not only unnecessary but forbidden.” Six Flags Over Ga. II v. Kull, 276 Ga. 210, 211 (576 SE2d 880) (2003) (citation omitted). Where terms of art are not involved, we look to the common and customary usages of the words and their context. Zaldivar v. Prickett, 297 Ga. 589, 591 (1) (774 SE2d 688) (2015). “For context, we may look to other provisions of the same statute, the structure and history of the whole statute, and the other law — constitutional, statutory, and common law alike — that forms the legal background of the statutory provision in question.” Id. (citation and punctuation omitted). Part of the context of the ante litem notice requirement is that “[i]f a claimant does not meet the ante litem notice requirements, then the state does not waive sovereign immunity, and therefore, the trial court lacks subject matter jurisdiction.” Silva v. Ga. Dept. of Transp., 337 Ga. App. 116, 117 (2) (787 SE2d 247) (2016) (citation and punctuation omitted). Accordingly, “strict compliance with these ante litem notice requirements is necessary, and substantial compliance is insufficient.” Bd. of Regents of the Univ. System of Ga. v. Myers, 295 Ga. 843, 845 (764 SE2d 543) (2014) (citations omitted). Nevertheless, the Supreme Court has “cautioned that strict compliance does not require a hyper-technical construction that would not measurably advance the purpose of the ante litem notice provisions.” Id. at 846 (citation and punctuation omitted).
Under the GTCA, the notice of claim must “state, to the extent of the claimant’s knowledge and belief and as may be practicable under the circumstances,” six items of information, as follows:
(A) The name of the state government entity, the acts or omissions of which are asserted as the basis of the claim; (B) The time of the transaction or occurrence out of which the loss arose; (C) The place of the transaction or occurrence; (D) The nature of the loss suffered; (E) The amount of the loss claimed; and (F) The acts or omissions which caused the loss.
OCGA § 50-21-26 (a) (5). It is well established that omitting only the “amount of the loss claimed” from an ante litem notice is a failure to “strictly comply with the notice requirements of the GTCA” and therefore fatal to the plaintiff’s claim. Myers, 295 Ga. at 843.
In Myers, the claimant’s ante litem notice stated that “the amount of Ms. Myers [sic] loss is yet to be determined as she is still *105 incurring medical bills and does not yet know the full extent of her injury.” 295 Ga. at 844 (punctuation omitted). The Supreme Court addressed the meaning of the “amount of loss” requirement and held that even though the full extent of the claimant’s loss was yet to be determined, she had incurred some medical expenses yet failed to report that information:
We hold that Myers’ notice failed to strictly comply with this ante litem notice requirement because it did not state any amount of loss whatsoever. Although the notice states that Myers’ loss was yet to be determined, she was still incurring medical bills, and she did not yet know the full extent of her injury, she had actually incurred medical expenses at the time she gave notice. Thus, the extent of her knowledge and belief at the time of notice included, at a minimum, the medical expenses she had incurred thus far. As the trial court correctly recognized, Myers “failed entirely to comply with a requirement despite having knowledge.”
Id. at 846 (citation and footnote omitted; emphasis supplied). The Court concluded that “the plain language [of the ante litem notice statute] requires notice of the amount of the loss claimed at [the] time [of the notice], within the belief and knowledge of the claimant, as may be practicable under the circumstances.” Id. (citation omitted). Thus, Myers should have included in the ante litem notice the amount of loss that she knew at the time and could have also stated that “based on her belief, there would be some pain and suffering damages or lost wages in the future, the amounts of which she did not yet have knowledge and could not practicably provide at that time.” Id. at 847. The Supreme Court went on to note that the amount of loss claimed in the ante litem notice does not bind the claimant; rather it provides “notice to the State of the magnitude of the claim, as practicable and to the extent of the claimant’s knowledge and belief at the time of the notice.” Id. (citation and punctuation omitted; emphasis supplied).
In the case before us, King’s ante litem notice failed to state any amount of loss, stated that she would claim “the full amount of damages allowed by law,” but indicated that she had already received care from her treating physician:
Mrs. King suffered physical pain and suffering. The total damages for Mrs. King’s personal injuries have not been determined as Mrs. King is still under the care of her *106 treating physician. Mrs. King will claim the full amount of damages allowed by law.
Thus, at a minimum, King’s ante litem notice is flawed for the identical reason found in Myers — the notice failed to state the amount of loss King knew at the time of the notice.
Second, King’s reliance on the GTCA’s cap on liability does not solve this problem. The cap has nothing to do with the amount of a claim; rather it is a limitation on the amount that can be recovered:
no person shall recover a sum exceeding $1 million because of loss arising from a single occurrence, regardless of the number of state government entities involved; . . .
OCGA § 50-21-29 (b) (1) (emphasis supplied). Moreover, the jury will hear information about the total amount of the plaintiff’s claims without ever hearing about the limitation on recovery: “The existence of these caps on liability shall not be disclosed or suggested to the jury during the trial of any action brought under this article.” Id. Accordingly, the cap provides no limitation on the amount the plaintiff can claim in the lawsuit. Correspondingly, as already shown, the Supreme Court has made clear that the “amount of loss claimed” in the ante litem notice does not bind the claimant, either. Thus, the reference to the GTCA’s cap on recovery provides no information whatsoever about the amount that King may claim in the suit.
Third, the Supreme Court has explained that the ante litem requirements “ensure that the State receives adequate notice of the claim to facilitate settlement before the filing of a lawsuit,” and that it should provide “notice to the State of the magnitude of the claim.” Myers, 295 Ga. at 845, 847 (citation omitted). The fact that the claimant may have losses that greatly exceed the GTCAcap on the amount that can be recovered is certainly relevant to the issue of settlement.
Given the above, the trial court’s interpretation of the statute is erroneous as a matter of law. King’s statement that she intended to “claim the full amount of damages allowed by law” fails to satisfy the definition of “the amount of loss claimed” provided by the Supreme Court; it refers to a cap on the amount she might be allowed to recover without providing any information about the amount she can claim to the jury; and it fails to provide meaningful information to the State for purposes of settlement.
For the reasons stated above, we reverse the denial of the Department’s motion to dismiss.

*107
Judgment reversed.

Doyle, C. J., Dillard, P. J., Andrews and Ray, JJ., concur. Bethel, J., concurs fully and specially. Ellington, P. J., Mercier and Reese, JJ., dissent.

 See OCGA § 5-6-34 (b) (applications for interlocutory appeals).