ELLINGTON, Presiding Judge,
dissenting.
I believe that the trial court correctly determined that, although Shenita King’s ante litem notice did not specify in dollars the amount of the loss claimed, the statement in her ante litem notice that she would claim “the full amount of damages allowed by law” was *108 sufficient to make the Department aware that she was seeking $1 million, in view of of OCGA § 50-21-29 (b) (1), which caps the amount of damages for a claim under the Georgia Tort Claims Act at $1 million. Accordingly, I respectfully dissent.
Although strict compliance with the Act’s ante litem notice requirements is necessary, and substantial compliance is insufficient, the Supreme Court of Georgia has cautioned that “strict compliance does not require a hyper-technical construction that would not measurably advance the purpose of the ante litem notice provisions. Nor does strict compliance take precedence over the plain language or meaning of the statute.” (Citations and punctuation omitted.) Bd. of Regents of Univ. System of Ga. v. Myers, 295 Ga. 843, 846 (764 SE2d 543) (2014). See also Cummings v. Ga. Dept. of Juvenile Justice, 282 Ga. 822, 824 (653 SE2d 729) (2007) (accord). “The purpose of [the ante litem notice] requirements is to ensure that the state receives adequate notice of the claim to facilitate settlement before the filing of a lawsuit.” (Citation omitted.) Williams v. Ga. Dept. of Human Resources, 272 Ga. 624, 625 (532 SE2d 401) (2000). The function of the ante litem notice is not to commit a plaintiff to accepting a certain amount in settlement, but it must “provide notice to the State of the magnitude of the claim, as practicable and to the extent of the claimant’s knowledge and belief at the time of the notice.” Bd. of Regents of Univ. System of Ga. v. Myers, 295 Ga. at 847. See Dorn v. Ga. Dept. of Behavioral Health and Developmental Disabilities, 329 Ga. App. 384, 387 (765 SE2d 385) (2014) (accord); Driscoll v. Bd. of Regents of Univ. System of Ga., 326 Ga.App. 315, 318 (757 SE2d 138) (2014) (accord).
Because OCGA § 50-21-29 (b) (1) caps the damages allowed for a single occurrence at $1 million,[3] it is evident that the phrase “the full amount of damages allowed by law” means $1 million in King’s case. I agree with the conclusion of the trial court, therefore, that “[i]n looking at [King’s] Ante Litem Notice as a whole” the notice effectively did communicate a specific dollar amount, although it did so without using the word “dollar” or the symbol “$.”[4] In my view, King’s ante *109 litem notice gave the Department notice of the magnitude of her claim sufficient to serve the Act’s purpose of allowing the Department to pursue settlement negotiations. The Department entirely fails to articulate how it is in a worse position in seeking to negotiate a settlement with King because her notice stated that she would be seeking “the full amount allowed by law” rather than stating that she would be seeking “$1 million.”[5] Because requiring that the specific dollar figure of “$1 million” be substituted would be a hyper-technical construction of OCGA § 50-21-26 (a) that would not measurably advance the purpose of the Act’s ante litem notice requirements, the trial court did not err in denying the Department’s motion to dismiss.
Decided March 15, 2017
Reconsideration denied March 29, 2017
Samuel S. Olens, Attorney General, Kathleen M. Pacious, Deputy Attorney General, Loretta L. Pinkston-Pope, Senior Assistant Attorney General, Matthew I. Dowling, Melissa A. Tracy, Assistant Attorneys General, for appellant.
I am authorized to state that Judge Mercier and Judge Reese join in this dissent.
*110 Adams, Jordan & Herrington, Virgil L. Adams, Dawn M. Lewis, for appellee.

 OCGA § 50-21-29 (b) (1) provides:
... in any action or claim for damages brought under the provisions of [the Act], no person shall recover a sum exceeding $1 million because of loss arising from a single occurrence, regardless of the number of state government entities involved. ... The existence of these caps on liability shall not be disclosed or suggested to the jury during the trial of any action brought under [the Act].

 Thus, this case can be distinguished from cases where we have found that an ante litem notice was deficient where it entirely failed to state the amount of the loss. See Silva v. Ga. Dept. of Transp., 337 Ga. App. 116, 117-119 (2) (787 SE2d 247) (2016) (An ante litem notice was deficient where it stated that the plaintiff was “still receiving treatment for her injuries.”); Dorn *109 v. Ga. Dept. of Behavioral Health and Developmental Disabilities, 329 Ga. App. at 384, 387-389 (An ante litem notice was deficient where it stated that the “amount of loss suffered” is the “monetary value of the decedent’s life in an amount sufficient to appropriately penalize [the] State’s deliberately indifferent, negligent breach of [its] duty] ] and . . . [its] deliberately indifferent, negligent violation of the decedent’s rights.”) (punctuation omitted); Driscoll v. Bd. of Regents of Univ. System of Ga., 326 Ga. App. at 316, 318 (An ante litem notice was deficient where it requested an “amicable resolution.”); Bd. of Regents of Univ. System of Ga. v. Myers, 295 Ga. at 844, 846-847 (An ante litem notice was deficient where it stated that “the amount of [the plaintiff’s] loss is yet to be determined as she is still incurring medical bills and does not yet know the full extent of her injury.”) (punctuation omitted); Perdue v. Athens Tech. College, 283 Ga. App. 404, 406, 408 (641 SE2d 631) (2007) (An ante litem notice was deficient where it stated that the plaintiff suffered “economic and noneconomic losses.”). In none of these cases did an ante litem notice state that the plaintiff sought “the full amount of damages allowed by law.”

 The Department contends that “allowing each and every plaintiff to state that they were seeking the full amount of damages allowed under the law would mean that the State had no knowledge of the amount of damages sought by the plaintiff.” Under the majority’s analysis, however, “each and every plaintiff” is permitted to state that they are seeking $1 million, just because that is a dollar figure, even though that may reflect an individual plaintiff’s hyperbolic value of the kinds of losses, like pain and suffering, that are difficult to value and are ultimately subject to an impartial jury’s enlightened conscience. Bd. of Regents of Univ. System of Ga. v. Myers, 295 Ga. at 846; Dorn v. Ga. Dept. of Behavioral Health and Developmental Disabilities, 329 Ga. App. at 386; Driscoll v. Bd. of Regents of Univ. System of Ga., 326 Ga. App. at 317-318. It is difficult to see how greater specificity advances the purposes of the ante litem notice. See Bd. of Regents of Univ. System of Ga. v. Myers, 295 Ga. at 846-847 (A statement of the amount of the loss would have been sufficient if it stated an amount that included the plaintiff’s medical expenses as of the date of the notice and “also stated that, based on her belief, there would be some pain and suffering damages or lost wages in the future, the amounts of which she did not yet have knowledge and could not practicably pro--vide at that time.”).