**FOURTH DIVISION**
**DILLARD, C. J.,**
**DOYLE, P. J., and MERCIER, J.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**February 28, 2019**

# In the Court of Appeals of Georgia

A18A2127. DOUGLAS et al. v. GEORGIA DEPARTMENT OF   DO-078
    JUVENILE JUSTICE.

DOYLE, Presiding Judge.

Terell Douglas and Rosie Greene, parents of T. R. D., appeal from the dismissal of their personal injury suit against the Georgia Department of Juvenile Justice ("the Department") seeking damages arising from injuries sustained by T. R. D. while he was detained at a youth detention facility operated by the Department. The parents contend that the trial court erred by (1) concluding that the parents failed to establish a waiver of sovereign immunity because their ante litem notice was deficient under the Georgia Tort Claims Act[1] ("GTCA"), (2) ruling on the Department's motion to dismiss without allowing discovery, and (3) concluding that

---

[1] OCGA § 50-21-20 et seq.

the Department was not barred from asserting its immunity based on laches. Discerning no error, we affirm.

"We review de novo a trial court's ruling on a motion to dismiss based on sovereign immunity grounds, which is a matter of law. Factual findings are sustained if there is evidence supporting them, and the burden of proof is on the party seeking the waiver of immunity."[2]

The record shows that the parents sued the Department, seeking damages for alleged negligence based on an injury to T. R. D. while he was a minor in custody at the Bill E. Ireland Youth Development Campus ("the Detention Facility") in 2009. The complaint alleged that on September 25, 2009, T. R. D. was injured when a Department employee "negligently closed an automatic steel door in a manner that caused [T. R. D.'s] finger to be traumatically amputated." The complaint also stated that as a result of the injury, T. R. D. required surgery, and the parents incurred expenses and missed work facilitating his medical care. It is undisputed that the Department paid T. R. D.'s immediate medical bills.

---

[2] (Punctuation omitted.) *Dorn v. Ga. Dept. of Behavioral Health & Developmental Disabilities*, 329 Ga. App. 384, 385 (765 SE2d 385) (2014).

2

Within one month of the injury, the parents provided an ante litem notice to the Department, the Department of Administrative Services, and the Detention Facility. That notice described the injury and identified the parents' claims for negligence, among other claims. With respect to the amount of loss claimed, the notice did not specify any amount, instead stating as follows:

> As a result of [the] traumatic amputation, [T. R. D.] required surgery. [T. R. D.] is still receiving treatment for his injury, and he is still experiencing pain today. . . Rosie Greene has on numerous occasions had to transport [her son] . . . for medical treatment [causing her to miss work]. Because of these trips . . . Rosie Green would have additional claims for monetary loss and mileage. Please advise if this ante litem notice is not sufficient to apprise you of the claims which Rosie Green has individually and as mother of [T. R. D.] against the entities that you represent for which she is seeking relief and damages.

In December 2009, the Department completed its investigation of the allegations and disputed liability, contending that "[t]his injury was caused when [T. R. D.] put his hand at the top of the door to prevent it from closing." Accordingly, the Department made an offer to settle the dispute for $1,000. The parents did not accept the offer and instead demanded $20,000; after the parties were unable to agree on a settlement amount, the parents filed the instant suit in January 2015.

In February 2015, the Department answered the complaint, denying liability, and moved to dismiss the suit, arguing that the parents' ante litem notice failed to include the amount of loss claimed as required by the GTCA. The next month, the parents filed a motion to defer a ruling on the Department's motion to dismiss until the parents could conduct discovery. Following a hearing at which all parties appeared, the trial court denied the parents' motion to defer a ruling and granted the Department's motion to dismiss based on the parents' deficient ante litem notice. The parents now appeal.

1. The parents contend that the trial court erred by dismissing their claim because, they argue, their ante litem notice satisfied the requirements of the GTCA. We disagree.

> The GTCA provides for a limited waiver of the State's sovereign immunity.[3] In order to effectuate this waiver, certain prerequisites must be met. The GTCA requires a party with a potential tort claim against the State to provide the State with notice of the claim prior to filing suit thereon. [Among other things, t]he notice must identify, to the extent of

---

[3] See OCGA §§ 50-21-21 (a) ("[T]he state shall only be liable in tort actions within the limitations of this article and in accordance with the fair and uniform principles established in this article."); 50-21-23 (b) ("The state waives its sovereign immunity only to the extent and in the manner provided in this article. . . .").

4

the claimant's knowledge and belief and as may be practicable under the circumstances, . . . *the nature and amount of the loss suffered. . . .*

> [The] ante litem requirements ensure that the State receives adequate notice of the claim to facilitate settlement before the filing of a lawsuit. . . If the ante litem notice requirements are not met, then the State does not waive sovereign immunity, and therefore, the trial court lacks subject matter jurisdiction.[4]

Last, while courts should not apply a "hyper-technical construction" to the GTCA, "strict compliance with [the] ante litem notice requirements is necessary, and substantial compliance is insufficient."[5]

Here, it is undisputed that the parents' ante litem notice did not state the amount of loss suffered, merely describing the injury to [T. R. D.] and stating that his mother "would have additional claims for monetary loss and mileage." As argued by the Department and stated by the trial court in its order, this is not sufficient. For example, in *Board of Regents of the University System of Georgia v. Myers*,[6] the

---

[4] (Citations and punctuation omitted; emphasis supplied.) *Bd. of Regents of the Univ. Sys. of Ga. v. Myers*, 295 Ga. 843, 844-845 (764 SE2d 543) (2014).

[5] (Punctuation omitted.) Id. at 845-846.

[6] Id.

Supreme Court of Georgia ruled that a notice that "did not state any amount of loss whatsoever," even in the face of ongoing medical treatment, "failed entirely to comply" with the GTCA's ante litem notice requirement.[7] In so ruling, the Supreme Court explained that the GTCA

> does not require that a claimant give notice of the "entire loss," the "complete loss," or the "total loss." Instead, the plain language requires notice of the amount of the loss claimed at that time, within the belief and knowledge of the claimant, as may be practicable under the circumstances. . . . [T]he claimant is not relieved from giving some notice to the State even if her knowledge is incomplete or she must rely on her belief [at the time].[8]

Similarly, in *Farmer v. Department of Corrections*,[9] this Court addressed the sufficiency of an ante litem notice that stated the amount of loss as follows: "The damages amount has not yet been determined; however [the plaintiff] will be seeking full payment of any and all damages to her person, physically, and mentally;" as well as damages for any future disability.[10] In that case, this Court likewise concluded that

---

[7] (Punctuation omitted.) Id. at 846.

[8] (Punctuation omitted.) Id. at 846-847, citing OCGA § 50-21-26 (a) (5) (E).

[9] 346 Ga. App. 387 (816 SE2d 376) (2018).

[10] (Punctuation omitted.) Id. at 390 (1).

6

the plaintiff failed to adequately state the amount of loss, so the Court affirmed the dismissal of her claim, following the *Myers* precedent.

Given the similar deficiency in the ante litem notice here, which lacks any stated amount of loss, the trial court correctly concluded that the parents failed to comply with the GTCA and could not invoke the waiver of sovereign immunity.[11] Accordingly, this enumeration fails.

2. The parents next argue that the trial court erred by not delaying its ruling so that they could engage in discovery to establish the fact that the Department "had all the necessary information to adjust and facilitate settlement in this case." As noted by the trial court, however, this ignores the fact that the ante litem notice requirement is a threshold question which, in this case, is not intertwined with the facts of the case such that it cannot be resolved without discovery.[12] The parents' compliance with the

---

[11] See id. See also *Ga. Dept. of Transp. v. King*, 341 Ga. App. 102, 105-106 (798 SE2d 492) (2017); *Silva v. Ga. Dept. of Transp.*, 337 Ga. App. 116, 117 (2) (787 SE2d 247) (2016) (addressing retroactive application of *Myers*).

[12] See, e.g., *Columbus Consolidated Govt. v. Woody*, 342 Ga. App. 233, 234 (802 SE2d 717) (2017) ("Under Georgia law, sovereign immunity is an immunity from suit, rather than a mere defense to liability, and therefore, whether a governmental defendant has waived its sovereign immunity is a threshold issue.") (punctuation omitted). Compare *Dept. of Transp. v. Dupree*, 256 Ga. App. 668, 671-672 (1) (a) (570 SE2d 1) (2002) ("Jurisdiction of a court to afford the relief sought is a matter which should be decided preliminarily, at the outset. Jurisdiction either

ante litem notice did not depend on any conduct by the Department; rather it depended on the conduct of the parents within the statutory time prior to filing suit. Thus, there was no need for the trial court to allow discovery before ruling on the Department's motion to dismiss based on immunity. Likewise, as this Court has held previously, the Department's knowledge of the injury and ensuing investigation did not obviate the parents' clear statutory burden to establish a waiver of immunity by complying with the GTCA's ante litem notice requirement.[13]

The parents make a related argument that their subsequent $20,000 settlement demand, made within one year of the injury,[14] sufficed to put the Department on notice of the amount of loss they claimed. Pretermitting whether the parents' demand letter amounted to a statement of the amount of loss for purposes of the ante litem

exists or does not exist without regard to the merits of the case. . . Where the determination of subject matter jurisdiction and waiver of sovereign immunity are so factually intertwined with determination of the merits of the case, it is not error for the trial court to defer final determination of such issues until trial, and such deferral would constitute the better practice to avoid the merits of the case.").

[13] See *Williams v. Ga. Dept. of Transp.*, 275 Ga. App. 88, 91 (1) (619 SE2d 763) (2005) (stating that the argument "that the requisite state agencies had actual notice carries no weight, as this fact has previously been held to be irrelevant").

[14] See OCGA § 50-21-26 (a) (1) ("Notice of a claim shall be given in writing within 12 months of the date the loss was discovered or should have been discovered. . . .") (punctuation omitted).

8

notice, the letter was insufficient because it was not sent to the allegedly negligent agency — the Department — as required by OCGA § 50-21-26 (a) (2).[15] Accordingly, this enumeration fails.

3. Last, the parents argue that the trial court erred by concluding that the Department was not barred by the doctrine of laches from asserting immunity. They point to the fact that their ante litem notice requested the Department to "[p]lease advise if this ante litem notice is not sufficient to apprise you of the claims . . . against the entities that you represent. . . ." The parents argue that the Department's failure to advise them that their notice was deficient should have operated as a bar to the Department's assertion of immunity in the law suit. But the parents cite no law to support this conclusion, and essentially the same argument has been rejected by this Court because absent some statutory waiver, "[t]he state may not waive or be estopped from invoking statutory notice requirements."[16]

---

[15] See *DeFloria v. Walker*, 317 Ga. App. 578, 583 (732 SE2d 121) (2012) (failure to deliver proper notice to the governmental entity alleged to be at fault demonstrated lack of strict compliance with the ante litem notice requirement).

[16] *Silva*, 337 Ga. App. at 119 (4).

9

For these reasons, based on the defective ante litem notice, the trial court correctly dismissed the parents' claim based on their failure to demonstrate a waiver of sovereign immunity under the GTCA.

*Judgment affirmed. Dillard, C. J., and Mercier, J., concur.*