**SECOND DIVISION**
**MILLER, P. J.,**
**RICKMAN and REESE, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**March 9, 2020**

# In the Court of Appeals of Georgia

A19A2232. CITY OF LAFAYETTE v. CHANDLER.

REESE, Judge.

James Lamar Chandler initiated an action for damages against the City of Lafayette, Georgia (the "City") and two of its employees after one of the City's firefighters was involved in a motor vehicle collision with Chandler. The City filed a motion to dismiss, contending that Chandler's ante litem notice did not include "the specific amount of monetary damages being sought from" the City, as required by OCGA § 36-33-5 (e). The trial court denied the motion, and we granted an application for interlocutory appeal. For the reasons set forth infra, we affirm.

Viewed in the light most favorable to Chandler,[1] the record shows that, in April 2017, Chandler sent the City an ante litem notice. He informed the City that he would file a civil action regarding an October 2016 collision with a City fire truck, alleging that a City employee negligently drove the fire truck through a red light at an intersection and struck Chandler's vehicle. The ante litem notice stated:

> As mentioned above, Mr. Chandler suffered very serious injuries as a result of the negligent acts described above. His injuries include a broken femur, at least seven (7) broken ribs and various internal injuries which required surgical intervention. In further description of the nature and extent of Mr. Chandler's injuries, he was required to spend approximately three weeks at Erlanger and inpatient rehabilitation immediately following the subject incident and incurred well over $100,000.00 in medical expenses to date. As a result of the nature and extent of Mr. Chandler's injuries and the aforementioned special medical damages we will seek to recover $1,000,000.00 (one million dollars) in monetary damages on his behalf.

Chandler initiated the lawsuit against the City in October 2018. The City filed a motion to dismiss, arguing, among other things, that the ante litem notice failed to state the specific amount of monetary damages sought from the City, pursuant to

---

[1] See *Bd. of Regents of Univ. System of Ga. v. Brooks*, 324 Ga. App. 15, 15-16 (749 SE2d 23) (2013).

OCGA § 36-33-5 (e). The trial court disagreed, finding that the notice complied with OCGA § 36-33-5 (e). This appeal followed.

We review the denial of a motion to dismiss de novo, and in so doing, construe the pleadings in a light most favorable to the plaintiff, with any doubts resolved in the plaintiff's favor.[2] With these guiding principles in mind, we now turn to the City's specific claims of error.

The City argues that Chandler was required to strictly, as opposed to substantially, comply with the provisions of OCGA § 36-33-5 (e). The City contends that the $1,000,000 figure in Chandler's ante litem notice did not strictly comply with the statute. We disagree. Even if strict compliance is required for OCGA § 36-33-5 (e), we hold that the notice provided here strictly complied with that subsection.

A plaintiff seeking to sue a municipality for money damages must notify the municipality in an ante litem notice "stating the time, place, and extent of the injury, as nearly as practicable, and the negligence which caused the injury[ ]" within six months of the event upon which the claim is predicated.[3] "The giving of the ante litem notice in the manner and within the time required by the statute is a condition

---

[2] See *Brooks*, 324 Ga. App. at 15-16.

[3] OCGA § 36-33-5 (b).

precedent to the maintenance of a suit on the claim."[4] Because the statute is in derogation of the common law, a plaintiff only needs to demonstrate substantial compliance with the requirements of OCGA § 36-33-5 (b).[5]

In 2014, the General Assembly amended OCGA § 36-33-5 to include new subsections (e) and (f), with no changes to subsection (b).[6] Under subsection (e),

> [t]he description of the extent of the injury required in subsection (b) of this Code section shall include the specific amount of monetary damages being sought from the municipal corporation. The amount of monetary damages set forth in such claim shall constitute an offer of compromise. In the event such claim is not settled by the municipal corporation and the claimant litigates such claim, the amount of monetary damage set forth in such claim shall not be binding on the claimant.[7]

---

[4] *City of Albany v. GA HY Imports*, 348 Ga. App. 885, 888 (825 SE2d 385) (2019) (citation and punctuation omitted).

[5] *City of Greensboro v. Rowland*, 334 Ga. App. 148, 151 (2) (778 SE2d 409) (2015). But see *Ga. Dept. of Transp. v. King*, 341 Ga. App. 102, 104 (798 SE2d 492) (2017) (a claimant against the State must strictly comply with the ante litem provisions of OCGA § 50-21-26 (a), because the statute represents a waiver of the State's sovereign immunity).

[6] See Ga. L. 2014, p. 125, § 1.

[7] OCGA § 36-33-5 (e).

Subsection (f) requires a claimant to serve the ante litem notice "upon the mayor or the chairperson of the city council or city commission[.]"[8]

A plaintiff must strictly comply with subsection (f).[9] However, neither this Court nor the Supreme Court of Georgia has expressly addressed whether strict or substantial compliance is necessary for subsection (e).[10] In our recent cases interpreting OCGA § 36-33-5 (e), we have examined a variety of ante litem notices, and determined that, even under a substantial compliance standard, those notices did not comply with that subsection.[11]

For example, in *Harrell*, our first decision interpreting OCGA § 36-33-5 (e), we held that an ante litem notice that sought "full recovery allowed by Georgia law[ ]" did not comply with subsection (e).[12] The determining factor was that the notice "did not include any specific amount of monetary damages being sought from

---

[8] OCGA § 36-33-5 (f).

[9] *Albany*, 348 Ga. App. at 891.

[10] See *Pickens v. City of Waco*, 352 Ga. App. 37, 41 (1) (833 SE2d 713) (2019).

[11] See *Manzanares v. City of Brookhaven*, 352 Ga. App. 293, 294-297 (1) (834 SE2d 358) (2019); *Pickens*, 352 Ga. App. at 41-42 (1); *Wright v. City of Greensboro*, 350 Ga. App. 685, 692-694 (1) (c)-(d) (830 SE2d 228) (2019); *Harrell v. City of Griffin*, 346 Ga. App. 635, 637-638 (1) (816 SE2d 738) (2018).

[12] See 346 Ga. App. at 636, 638 (1) (punctuation omitted).

[the city] that could constitute an offer of compromise."[13] In this vein, we have held that ante litem notices seeking damages that "may exceed $250,000.00[ ]"[14] or "may exceed $300,000.00[ ]"[15] were insufficient under OCGA § 36-33-5 (e), because those amounts were too indefinite to constitute a binding offer of settlement.

In this case, however, Chandler's ante litem notice stated that he would "seek to recover $1,000,000.00 (one million dollars) in monetary damages[.]" That is a "specific amount of monetary damages" that could "constitute an offer of compromise."[16] It satisfied the plain language[17] and purposes[18] of OCGA § 36-33-5 (e). Strict compliance does not "take precedence over the plain language or meaning

---

[13] Id. at 638 (1).

[14] See *Manzanares*, 352 Ga. App. at 294, 297 (1).

[15] See *Pickens*, 352 Ga. App. at 38, 44 (1).

[16] See OCGA § 36-33-5 (e).

[17] See *Pickens*, 352 Ga. App. at 40 ("[W]e must presume that the General Assembly meant what it said and said what it meant.") (citation and punctuation omitted).

[18] See id. ("[T]he purpose of the ante litem notice requirement is to give the municipality the opportunity to investigate potential claims, ascertain the evidence, and avoid unnecessary litigation.") (citation and punctuation omitted); *King*, 341 Ga. App. at 105 (ante litem notice provides notice to the governmental entity of the "magnitude of the claim").

6

of the statute[,]" nor does it require a "hyper-technical construction[.]"[19] Thus, Chandler's ante litem notice here strictly complied with OCGA § 36-33-5 (e).

The City argues that the $1,000,000 figure was only a "generalized stab" at the presumptive limits of its insurance policy, and that it did not detail any ongoing or future losses. But subsection (e) "does not require a potential plaintiff to provide the actual dollar amount of the damages allegedly incurred, which might be difficult to quantify[.]"[20] "Instead, the provision requires the ante litem notice to provide 'the specific amount of monetary damages being sought' from the city, i.e., a settlement offer."[21] Additionally, given the six-month period to present the ante litem notice,[22] and the implication in OCGA § 36-33-5 (e) that a municipality may accept the amount stated in the ante litem notice as a binding settlement,[23] a claimant necessarily

---

[19] *Bd. of Regents of Univ. System of Ga. v. Myers*, 295 Ga. 843, 846 (764 SE2d 543) (2014) (citation and punctuation omitted).

[20] *Wright*, 350 Ga. App. at 689-690 (1).

[21] Id. at 690 (1) (footnote omitted).

[22] See OCGA § 36-33-5 (b).

[23] See *Harrell*, 346 Ga. App. at 638 (1) ("[S]ubsection (e) directly implies that the defendant may accept such an offer, thereby creating a binding settlement.")

estimates any ongoing, future, and special damages in providing a specific monetary figure in the ante litem notice.[24]

Accordingly, the trial court did not err in finding that Chandler's ante litem notice satisfied the requirements of OCGA § 36-33-5 (e), and we affirm.

*Judgment affirmed. Miller, P. J., and Rickman, J., concur.*

---

[24] See *Pickens*, 352 Ga. App. at 44 (1) (A plaintiff can "include any prospective future costs related to the injuries into the specified monetary amount" of the ante litem notice, as a plaintiff would do if the case went to trial before he completed medical treatment.).